UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE M. COHEN, <br><br> Plaintiff, <br><br> v. <br><br> GROUP HEALTH INCORPORATED, <br><br> Defendant. | Misc. Action No.: 1:22-mc-00200-GHW <br><br> **DECLARATION OF STEVE M. COHEN IN SUPPORT OF MOTION TO QUASH SUBPOENA TO DEPOSE LITIGATION COUNSEL** <br><br> **Underlying Litigation**: <br><br> *Plavin et al. v. Group Health Incorporated*, No. 3:17-cv-1462-RDM (M.D. Pa.) |

I, Steve M. Cohen, declare under penalty of perjury that the following is true and correct:

1. I make this declaration in support of Plaintiff's Motion to Quash Subpoena to Depose Litigation Counsel.

2. My name is Steve M. Cohen (not Steven M. Cohen, the name stated in the subpoena at issue in this motion), and I am an attorney and a member of the New York bar. My work as a journalist is also well-established – I am the author of six books and scores of newspaper and magazine articles – and protected by New York's SHIELD law.

3. I am litigation co-counsel for the plaintiffs in a putative class action, *Plavin v. Group Health Inc.*, No. 3:17-cv-01462-RDM (M.D. Pa.) (the "GHI Litigation"), currently pending in the Middle District of Pennsylvania.

1

4.       I conceived the GHI Litigation and drafted the complaint. After a motion to dismiss ruling, the New York Court of Appeals answered certain certified questions confirming the viability of the complaint's legal theories, and the Third Circuit reinstated the case.

5.       Fact discovery in the GHI Litigation is scheduled to close August 8, 2022

6.       On June 29, 2022, defense counsel in the GHI Litigation emailed me and my counsel from Susman Godfrey LLP and Haggerty Hinton & Cosgrove LLP, and for the first time, requested to take my deposition in this matter. GIII's counsel conceded at the outset that requests for litigation counsel depositions are exceedingly rare and are usually not permitted.

7.       A copy of GHI counsel's June 29, 2022 email requesting my deposition is attached as **Exhibit A** hereto.

8.       On July 6, 2022, my co-counsel from Susman Godfrey LLP emailed GHI's counsel objecting to the request for my deposition on a broad set of topics. But my co-counsel offered, in good faith, to consider a more specific list of narrower topics for my potential deposition.

9.       On July 11, 2022, GHI counsel replied by email with an even broader set of topics -- a list of fourteen sprawling areas with no arguable relevance to the issues in dispute in the GHI Litigation. Indeed, the requests seek information about my role as counsel in this and related matters, including about my "opinions" about and supposed bias toward GHI. These topics have no possible relevance to the case at hand. GHI also wants to ask me about Alan Berkowitz and Michele Diesman Mason, two third-party retirees who sought me out for possible legal representation

10. On July 13, 2022, my co-counsel from Susman Godfrey LLP replied to GHI counsel offering my deposition on one limited topic: testimony regarding my prior, non-privileged communications with the New York Attorney General's Office concerning GHI.

11. My investigative work shared with the Office of the New York Attorney General contributed to a 2014 Assurance of Discontinuance and to a $3.5 million payment by GHI.

12. GHI's counsel also said they want to ask me about any relationship I have with the NYC Organization of Public Service Retirees. I represent the NYC Organization of Public Service Retirees in a case against New York City and collaterally, GHI.

13. On behalf of my clients, some 250,000 NYC retirees, we won an injunction prohibiting the City from forcing these senior citizens and disabled first-responders into a Medicare Advantage plan, which GHI was to provide in an "Alliance" with Anthem Blue Cross Blue Shield. The value of this Medicare Advantage plan – which would be paid for by the federal government – was, according to the City, approximately $600 million annually.

14. Last week, Anthem withdrew from the Alliance, effectively scuttling the plan.

15. Other than revenue – made to or lost by GHI – there is no connection between the *NYC Organization of Public Service Retirees* case and the *Plavin* matter.

16. On July 15, 2022, GHI counsel replied rejecting my co-counsel's reasonable proposed compromise and announced that they planned to serve me with a personal subpoena.

17. On July 18, 2022, my co-counsel agreed to accept informal service of a subpoena to me via email as a courtesy to GHI's counsel.

18. Also on July 18, 2022, GHI counsel emailed my co-counsel a copy of a subpoena to me from the Southern District of New York, demanding my deposition on August 5, 2022, and also demanding that I produce the following documents: "All Documents and

Communications between or among You, on the one hand, and the New York Attorney General's Office, on the other, concerning (i) GHI; (ii) the GHI Plan, or (iii) the claims and allegations in this Lawsuit"

19. Copies of my co-counsel's July 6 email to GHI, along with GHI counsel's July 11, 2022 response, my co-counsel's July 13, 2022 reply, GHI counsel's July 15, 2022 reply, my co-counsel's reply of July 18, 2022, GHI counsel's reply of July 18, 2022, and the subpoena are attached together in **Exhibit B** hereto.

20. For the reasons set forth in the accompanying memorandum, of law, the deposition and document subpoena should be quashed in its entirety; or alternatively, the deposition and document subpoena should be quashed in part and the deposition limited to the single topic of my prior, non-privileged communications with the New York Attorney General's Office concerning GHI—the compromise position that my co-counsel already proposed to GHI. Executed on July 27, 2022.

*/s/ Steve M. Cohen*
Steve M. Cohen