# EXHIBIT A

**Subject:** Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Additional Discovery
**Date:** Wednesday, June 29, 2022 at 12:31:35 PM Central Daylight Time
**From:** Ferrone, Justin C.
**To:** Nick Carullo, Halley Josephs, Bill Carmody, Ryan Kirkpatrick, Rodney Polanco, Steve Cohen, Tim Hinton, mikecosgrove@haggertylaw.net, Arun Subramanian
**CC:** Peter (Tad) LeVan, Monaghan, Maura Kathleen, Gleeson, John, Kagan, Jared I.

EXTERNAL Email
Dear Counsel,

It has become clear through discovery that Steve Cohen has highly relevant and discoverable information regarding this case. While subpoenas directed toward counsel are rare, we have concluded that discovery from Mr. Cohen is necessary. We would like to have a discussion with you to see if we can come to an agreement regarding discovery from Mr. Cohen without having to serve a subpoena. Given the discovery schedule, that discussion will need to happen in short order if we are going to avoid serving a subpoena. Please let us know your availability tomorrow or Friday morning for a call.

To help guide the discussion, and without intending to be an exhaustive, the following are issues on which GHI needs discovery from Mr. Cohen.

- **The 2014 Assurance of Discontinuance between GHI and the New York Attorney General (the "AOD").** Although GHI's position is that the AOD is not relevant to the issues in this case, Plaintiffs have relied on the AOD in the Complaint to support their claims, and have taken a Rule 30(b)(6) deposition of GHI on the topic of the AOD. Mr. Cohen was a Plaintiff-Relator in the case captioned *The City of New York, ex rel. Steve Cohen et al. v. Group Health Incorporated, et al.*, Index No. 101160/2014 (N.Y. Sup. Ct. N.Y. Cty.), and the First Amended Complaint in that action alleged: "Mr. Cohen provided the information to the New York State Attorney General that resulted in the Assurance of Discontinuance dated September 2014." Additionally, documents produced by Plaintiffs in this action on the afternoon of Friday June 24 include emails from Mr. Cohen in which he made similar statements. GHI is entitled to discovery on the information that Mr. Cohen allegedly provided to the New York Attorney General ("NYAG") and the communications that Mr. Cohen had with the NYAG in connection with its investigation and the AOD.

- **Evidence of purported fraud that is the basis for Plaintiffs' complaint.** In other documents produced by Plaintiffs in this action on the afternoon of Friday June 24, Mr. Cohen stated: "It was while wearing my investigative journalist's hat that I uncovered the [alleged] fraud." He also claimed to have "evidence showing the under-reimbursement to members ranged from 35-50%, depending upon the type of procedure" and that "the underlying facts for [GHI's AOD] reflected a tiny portion of the evidence" in his possession. See, e.g. PLAVIN_000005431.

- **Non-privileged communications between Mr. Cohen and GHI members concerning reimbursement for out-of-network services, and the availability of in-network providers.** Discovery has revealed that Mr. Cohen has engaged in non-privileged communications with potential class members and potential named plaintiffs. Factual information that those individuals provided to Mr. Cohen concerning their experience with GHI is relevant to the issues in this matter.

- **Communications concerning a group called the NYC Organization of Public Service Retirees – who have filed complaints against GHI and posted YouTube videos concerning GHI's allegedly poor treatment of its members.**

- In addition to the above, GHI has a good faith basis to explore what we believe to be extreme bias on Mr. Cohen's part against EmblemHealth and GHI, which, given his role in recruiting named plaintiffs in this case, could lead to admissible evidence. The *City of New York, ex rel. Steve Cohen et al. v. Group Health Incorporated, et al.* action referenced above included False Claims Act allegations (seeking $500 million before trebling). Neither the City of New York nor the State of New York chose to intervene. After the complaint was unsealed, we, as counsel for the defendant, invited Relators' (i.e., Mr. Cohen's) counsel to our offices for a presentation demonstrating that the allegations were frivolous and indeed sanctionable. After the presentation, Relators discontinued the case with prejudice.

Regards,

Justin

**Debevoise & Plimpton**

**Justin C. Ferrone**
Associate

jcferrone@debevoise.com
+1 212 909 6125 (Tel)

www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.