# EXHIBIT B

**Ellen Sullivan-Vasquez**

| | |
|---|---|
| **From:** | Ferrone, Justin C. <jcferrone@debevoise.com> |
| **Sent:** | Monday, July 18, 2022 1:17 PM |
| **To:** | Nick Carullo; Steven M. Shepard; Halley Josephs; Bill Carmody; Ryan Kirkpatrick; Rodney Polanco; Steve Cohen; Tim Hinton; mikecosgrove@haggertylaw.net; Arun Subramanian |
| **Cc:** | Peter (Tad) LeVan; Monaghan, Maura Kathleen; Gleeson, John; Kagan, Jared I. |
| **Subject:** | RE: Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Cohen Depositions |
| **Attachments:** | 2022-07-18 Subpoean to Steve Cohen.pdf; 2022-07-18 Notice of Subpoena to Steve Cohen.pdf |

EXTERNAL Email
Dear Counsel,

Attached and served herewith is a Notice of Subpoena to non-party Steve Cohen.  Pursuant to the below emails where you agreed to accept service on Mr. Cohen's behalf, we are serving the subpoena on you as well.

Regards,

Justin

---

**Justin C. Ferrone** | Associate | Debevoise & Plimpton LLP | jcferrone@debevoise.com | +1 212 909 6125 | www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Nick Carullo <NCarullo@susmangodfrey.com>
**Sent:** Monday, July 18, 2022 9:09 AM
**To:** Ferrone, Justin C. <jcferrone@debevoise.com>; Steven M. Shepard <SShepard@susmangodfrey.com>; Halley Josephs <HJosephs@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Ryan Kirkpatrick <RKirkpatrick@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Steve Cohen <SCohen@pollockcohen.com>; Tim Hinton <timhinton@haggertylaw.net>; mikecosgrove@haggertylaw.net; Arun Subramanian <asubramanian@SusmanGodfrey.com>
**Cc:** Peter (Tad) LeVan <plevan@levanstapleton.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Gleeson, John <jgleeson@debevoise.com>; Kagan, Jared I. <jikagan@debevoise.com>
**Subject:** RE: Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Cohen Depositions

Justin,

We'll accept service on Mr. Cohen's behalf.

- Nick Carullo

**From:** Ferrone, Justin C. <jcferrone@debevoise.com>
**Sent:** Friday, July 15, 2022 4:30 PM
**To:** Steven M. Shepard <SShepard@susmangodfrey.com>; Nick Carullo <NCarullo@susmangodfrey.com>; Halley Josephs

<HJosephs@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Ryan Kirkpatrick <RKirkpatrick@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Steve Cohen <SCohen@pollockcohen.com>; Tim Hinton <timhinton@haggertylaw.net>; mikecosgrove@haggertylaw.net; Arun Subramanian <asubramanian@SusmanGodfrey.com>
**Cc:** Peter (Tad) LeVan <plevan@levanstapleton.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Gleeson, John <jgleeson@debevoise.com>; Kagan, Jared I. <jikagan@debevoise.com>
**Subject:** RE: Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Cohen Depositions

EXTERNAL Email
Dear Counsel,

Your response is disappointing.  At your request, we provided a list of topics with greater specificity than the topics included in our June 29 email. Despite your assurances that this would not be "make work," that is precisely what it turned out to be.

We appear to have a fundamental disagreement about the law and the relevance of the topics on which we seek to depose Mr. Cohen. Accordingly, we will serve a subpoena and prepare to oppose a motion to quash.

Please advise whether you will accept service on Mr. Cohen's behalf or whether we should proceed to serve him personally.

Regards,

Justin

---

**Justin C. Ferrone**  |  Associate  |  Debevoise & Plimpton LLP  |  jcferrone@debevoise.com  |  +1 212 909 6125 |  www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Steven M. Shepard <SShepard@susmangodfrey.com>
**Sent:** Wednesday, July 13, 2022 4:01 PM
**To:** Ferrone, Justin C. <jcferrone@debevoise.com>; Nick Carullo <NCarullo@susmangodfrey.com>; Halley Josephs <HJosephs@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Ryan Kirkpatrick <RKirkpatrick@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Steve Cohen <SCohen@pollockcohen.com>; Tim Hinton <timhinton@haggertylaw.net>; mikecosgrove@haggertylaw.net; Arun Subramanian <asubramanian@SusmanGodfrey.com>
**Cc:** Peter (Tad) LeVan <plevan@levanstapleton.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Gleeson, John <jgleeson@debevoise.com>; Kagan, Jared I. <jikagan@debevoise.com>
**Subject:** RE: Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Cohen and Babitsch Depositions

Justin,

Let's clear up the legal standard, first.  We are in the Middle District, not the Western, and in the Middle District the standard for deposing opposing counsel – citing *Shelton* – is that the party demanding the deposition must show, at a minimum, a "clear need":

- "A deposition of opposing counsel is not encouraged and is typically permitted only where a clear need is shown. *See Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)." Pyne v. Procacci Bros. Sales Corp., No. CIV.A. 96-7314, 1997 WL 634370, at *2 (E.D. Pa. Oct. 8, 1997).
- "A deposition of opposing counsel is not encouraged and is typically permitted only where a clear need is shown." *Pyne,* 1997 WL 634370, at *2 (citing *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)). Robinson v. Hicks, No. CIV.A. 1:07-CV-1751, 2009 WL 1140093, at *2 n.4 (M.D. Pa. Apr. 28, 2009).
- "[A] 'deposition of opposing counsel is not encouraged and is typically permitted only where a clear need is shown.' *Robinson v. Hicks,* No. 07-1751, 2009 WL 1140093, at *2 n.4 (M.D. Pa. Apr. 28, 2009)." Paige v. Lerner Master Fund, LLC, 584 B.R. 502, 512 (M.D. Pa.), aff'd sub nom. In re Paige, 738 F. App'x 85 (3d Cir. 2018).

GHI has not shown a "clear need" for Mr. Cohen's testimony on any of the proposed topics.  To take the three *Shelton* elements in turn:

1. *Other means.* There are (or were) other ways to get this information, besides deposing your opposing counsel. GHI could have sought it from the third-parties and NYAG, for example.
2. *Relevance.* Testimony from Mr. Cohen is not relevant to Plaintiffs' "factual experiences with GHI," nor to "the NYAG Investigation." GHI can depose (and has deposed) the class representatives directly about their "experiences," and does not need to depose your opposing counsel for this information.
3. *Critical need.* Even if there were some tangential relevance here, there is no "clear need." Why does GHI need to depose *opposing counsel* in order to find out what the NYAG did in its investigation?  As for the (incorrect) claim that some plaintiffs' deposition testimony has contradicted allegations made in the complaint, even if that were true, it would not create a "clear need" to *depose the lawyer who drafted the complaint.* If that were the rule, then deposing your adversary would be a common tactic whenever the facts developed in discovery diverge from the pleading—which is hardly an uncommon occurrence.  But deposing your opposing counsel is *not* a common tactic; it is discouraged by the Middle District caselaw cited above.

Your cases—which mention deposing an opposing counsel who also took part in "significant relevant prelitigation events"—prove my point, not yours.  That standard refers to attorneys who were *fact witnesses* to events or communications *directly relevant* to a party's claim or defense.  One of your cited cases—*Caruso,* a product-liability case—illustrates this.  That case concerned an attorney who was also the defendant's "Director of Product Regulatory Compliance" and who, in that capacity, "played a significant role in designing the warnings" at issue in the case, and who had "knowledge" of "other incidents" of the product causing injury, and also knew about defendant's consideration of additional safety measures.  Caruso v. Coleman Co., No. CIV. A. 93-CV-2779, 1994 WL 594442, at *1 (E.D. Pa. Oct. 25, 1994). There is nothing like that here.  Mr. Cohen, for example, was not involved in disseminating the misleading GHI materials or in setting GHI's levels of out-of-network reimbursement. GHI is on a fishing expedition for information regarding the "genesis of the case"—an irrelevant topic routinely ruled off-limits by courts, and not the kind of "*significant* relevant prelitigation event" that would authorize the extraordinary step of deposing your opposing counsel.

It is correct that Mr. Cohen was involved in investigating GHI's fraud, prior to filing this lawsuit. This is true of *every* diligent plaintiffs' lawyer in *every* case. An attorney's pre-suit investigation of his client's case is classic work product and is not a basis for deposing that lawyer.

In order to avoid needless motion practice on this issue, Plaintiffs will agree to presenting Mr. Cohen on Topic 1 in your email—his communications with the NYAG.  This is not a concession that GHI has met the relevant standard with regard to this topic; this is instead a proposed compromise.  If GHI rejects the compromise, then

Plaintiffs and Mr. Cohen will oppose the deposition across the board.  Plaintiffs and Mr. Cohen reserve all rights.

Steven M. Shepard
Susman Godfrey LLP
office: 212.729.2010
cell: 914.282.5310

---

**From:** Ferrone, Justin C. <jcferrone@debevoise.com>
**Sent:** Monday, July 11, 2022 11:07 AM
**To:** Steven M. Shepard <SShepard@susmangodfrey.com>; Nick Carullo <NCarullo@susmangodfrey.com>; Halley Josephs <HJosephs@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Ryan Kirkpatrick <RKirkpatrick@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Steve Cohen <SCohen@pollockcohen.com>; Tim Hinton <timhinton@haggertylaw.net>; mikecosgrove@haggertylaw.net; Arun Subramanian <asubramanian@SusmanGodfrey.com>
**Cc:** Peter (Tad) LeVan <plevan@levanstapleton.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Gleeson, John <jgleeson@debevoise.com>; Kagan, Jared I. <jikagan@debevoise.com>
**Subject:** RE: Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Cohen and Babitsch Depositions

EXTERNAL Email
Dear Counsel,

We are troubled by your statement that you "do not see how *any* topic of testimony could meet the relevant standard here."  Based on our meet-and-confer held on July 5, we understood that, while Plaintiffs reserved their right to object to specific topics, at least *some topics* would be agreeable. Although you did not confirm any specific topics, Nick stated that Plaintiffs were not intending to create "make work" by asking us to identify topics with greater specificity than in our June 29 email.  Accordingly, we trust that our proposal will not be rejected out of hand and that these discussions will not prove to be a waste of time.

To respond to the substance of your email, your characterization of the relevant authority is inaccurate, at best.

*First*, your statement that *Shelton* is "routinely cited" in the Middle District or is the appropriate test to apply is simply wrong.  "The Third Circuit has not adopted the *Shelton* Rule" and, according to the research of one Western District of Pennsylvania judge, "more courts choose not to apply it." *Fleming Steel Co. v. Jacobs Eng'g Grp.*, 2017 WL 6539309, at *2 (W.D. Pa. Dec. 21, 2017) (declining to apply *Shelton*).  Moreover, contrary to your representation, the *Paige* case cited in your email does not reference *Shelton* once.  The Second Circuit (where Mr. Cohen is located) has equally declined to adopt the *Shelton* Rule, instead adopting a more flexible approach that considers all relevant facts and circumstance and does not require the party seeking discovery to meet the strict *Shelton* standard. *See, e.g., In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003).

*Second*, the *Pyne* case (which you cite and rely upon in your email below) makes clear that depositions of opposing counsel "are permitted . . . *where an attorney takes part in 'significant relevant pre-litigation events* and the attorney-client privilege does not apply to the testimony'." *See Pyne v. Procacci Bros. Sales Corp.*, No. CIV.A. 96-7314, 1997 WL 634370, at *2 (E.D. Pa. Oct. 8, 1997) (emphasis added) (citations omitted).  Other cases in the Third Circuit have reached similar conclusions. *See, e.g., Lebovic v. Nigro*, No. CIV. A. 96-319, 1997 WL 83735, at *1 (E.D. Pa. Feb. 26, 1997) ("Such depositions are permitted where an attorney takes part in 'significant relevant pre-litigation events and the attorney-client privilege does not apply to the testimony'");

*Caruso v. Coleman Co.*, No. 93-CV-6733, 1994 WL 613668 (E.D. Pa. Nov. 1, 1994) ("This does not bar such depositions where attorneys take part in significant relevant pre-litigation events and the attorney-client privilege does not apply to the testimony"). That is precisely the case here: GHI seeks to depose Mr. Cohen, in-part, about the pre-litigation events that led to the NYAG's investigation and the AOD, which Mr. Cohen has stated (in documents produced in this case) were actions taken in his personal capacity and not as an attorney in this case. GHI also seeks testimony about other non-privileged events documented in testimony from the named plaintiffs or documents produced in this case.

*Third*, even if the *Shelton* test were to apply (which it does not), the discovery GHI seeks would clearly meet the threshold.

1. There is no other way for GHI to obtain Mr. Cohen's testimony concerning his pre-litigation interactions with the NYAG's office or his non-privileged interactions with third-parties concerning GHI.

2. The information GHI seeks – concerning the genesis of the litigation, the facts known to Mr. Cohen and potential plaintiffs about GHI's reimbursement rates, evidence supporting Mr. Cohen's claims to potential named plaintiffs, Mr. Cohen's bias against GHI, the NYAG investigation and the AOD – are all directly relevant to the claims and defenses at issue in the litigation, determining whether and to what extent Plaintiffs' claims are truly their own and supported by their factual experiences with GHI, and putting the NYAG Investigation and AOD (on which Plaintiffs have relied) in their proper context.

3. This information is critical to the case, particularly because Plaintiffs have put the NYAG Investigation and the AOD at issue (even going so far as to depose a 30(b)(6) corporate representative about it for several hours), and GHI is entitled to discovery regarding Mr. Cohen's role in the NYAG's investigation. Mr. Cohen's testimony also is critical because many of the named plaintiffs' deposition testimony directly contradict allegations raised in the original complaint and FAC, and GHI needs to fully understand what factual evidence underlies these allegations.

The topics about which we plan to depose Mr. Cohen are below. Given the foregoing, taking Mr. Cohen's deposition about these topics is undoubtedly proper and consistent with guidance from courts in the Third Circuit and Second Circuit. We ask that you please respond to us with your position on the matter by no later than Wednesday, July 13, so that we can move this process forward and determine whether we can agree on the scope of discovery from Mr. Cohen without the need to serve a subpoena.

Topics for Mr. Cohen's Deposition:

1. Mr. Cohen's Communications with the NYAG's office, DFS or any other regulator, if any, concerning GHI, and any evidence or information provided by Mr. Cohen to the same.

2. Non-privileged documents produced in this litigation from, to or referencing Mr. Cohen.

3. Mr. Cohen's personal opinions or beliefs concerning GHI, if any.

4. The manner in which Mr. Cohen purportedly "uncovered the fraud" alleged in this litigation "while wearing [his] investigative journalist's hat" and what, precisely, Mr. Cohen learned or uncovered during that process.

5. Any evidence supporting or contradicting the purported fraud referenced in PLAVIN_000005431.

6. Mr. Cohen's relationship, if any, with Alan Berkowitz and Michele Diesman Mason.

7.  Virtual or in-person meetings with potential plaintiffs for this litigation, including but not limited to the zoom conference with Texas retirees mentioned in documents produced in this case and testified to by Ms. Thomas.

8.  Mr. Cohen's role as a Plaintiff-Relator in the case captioned *The City of New York, ex rel. Steve Cohen et al. v. Group Health Incorporated, et al.*, Index No. 101160/2014 (N.Y. Sup. Ct. N.Y. Cty.), which includes similar allegations to those pleaded in this action, including the factual basis and evidence supporting the allegations raised in that litigation and any facts or evidence contradicting those allegations, and the reasons for withdrawing that suit.

9.  Mr. Cohen's relationship, if any, with NYC police unions.

10. Mr. Cohen's awareness and/or relationship with the individuals identified by Plaintiffs in response to Interrogatory Nos. 10 and 11.

11. Purely factual information learned by or provided to Mr. Cohen by third-parties concerning GHI's out-of-network reimbursement policies, or the GHI Plan, including any evidence he received supports or contradicts the claims made in this litigation.

12. Non-privileged communications between Mr. Cohen and potential class members or named plaintiffs.

13. Mr. Cohen's role, if any, in the NYC Organization of Public Service Retirees, and the purpose and actions of the group.

14. Follow-up questions to any testimony that Mr. Cohen provides.

GHI reserves all rights.

Regards,

Justin Ferrone

---

**Justin C. Ferrone** | Associate | Debevoise & Plimpton LLP | jcferrone@debevoise.com | +1 212 909 6125 | www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Steven M. Shepard <SShepard@susmangodfrey.com>
**Sent:** Wednesday, July 6, 2022 8:02 AM
**To:** Ferrone, Justin C. <jcferrone@debevoise.com>; Nick Carullo <NCarullo@susmangodfrey.com>; Halley Josephs <HJosephs@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; Ryan Kirkpatrick <RKirkpatrick@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Steve Cohen <SCohen@pollockcohen.com>; Tim Hinton <timhinton@haggertylaw.net>; mikecosgrove@haggertylaw.net; Arun Subramanian <asubramanian@SusmanGodfrey.com>
**Cc:** Peter (Tad) LeVan <plevan@levanstapleton.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Gleeson, John <jgleeson@debevoise.com>; Kagan, Jared I. <jikagan@debevoise.com>
**Subject:** Plavin, et al. v. Group Health Incorporated, C.A. No. 3:17-CV-01462 - Cohen and Babitsch Depositions

Counsel,

I write to follow up on two topics we discussed during yesterday's meet and confer.

First, we appreciate the courtesy in rescheduling Mr. Babitsch's deposition.  We look forward to hearing from you regarding dates that would work for him and you for rescheduling in the July 26 to August 8 time frame.

Second, with regard to Defendants' request to depose Attorney Steve Cohen, I am following up with the legal authorities that stand behind our request that Defendants provide a much more detailed list of proposed topics. Frankly, we do not see how *any* topic of testimony could meet the relevant standard here.

 According to the seminal *Shelton* case, the deposition of opposing counsel is *only* permitted "where the party seeking to take the deposition has shown that

1. no other means exist to obtain the information than to depose opposing counsel,
2. the information sought is relevant and nonprivileged; and
3. the information is crucial to the preparation of the case."

*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (cleaned up). This standard is routinely cited in this District. *See, e.g.*, *Paige v. Lerner Master Fund, LLC*, 584 B.R. 502, 512 (M.D. Pa.) (2018) (citing *Shelton* to affirm bankruptcy judge's refusal to order deposition of opposing counsel, because the party desiring the deposition did not show "clear need"), *aff'd sub nom. In re Paige*, 738 F. App'x 85 (3d Cir. 2018); *see also Pyne v. Procacci Bros. Sales Corp.*, No. CIV.A. 96-7314, 1997 WL 634370, at *2 (E.D. Pa. Oct. 8, 1997) (citing *Shelton* for the proposition that "[a] deposition of opposing counsel is not encouraged and is typically permitted only where a clear need is shown.").

Even assuming for the sake of argument that Defendants could show (2) – relevance under the permissive standard of FRE 401, and no privilege – we do not currently see how either (1) or (3) is shown here.

As for (1) – "no other means exist" – there appear to be ample "other means," including the discovery already served, to get at whatever topic Defendants intend to question Mr. Cohen about.  As for (3), we cannot imagine how his personal knowledge on any topic can be "crucial to the preparation" of Defendants' case.

If Defendants send a list of more detailed proposed deposition topics to us, we will consider it in good faith.  However, absent some compelling topic or argument that we have not yet heard, we do not believe Defendants can meet their burden to justify the extraordinary step of deposing opposing counsel.

Steven M. Shepard
Susman Godfrey LLP
office: 212.729.2010
cell: 914.282.5310

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Pennsylvania

| | |
|---|---|
| Plavin, et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   3:17-cv-1462-RDM |
| Group Health Incorporated | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                               Steven M. Cohen

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY, 10022 | Date and Time:<br>08/05/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   Videographic and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    See Exhibit A, attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/18/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Group Health Incorporated                                                     , who issues or requests this subpoena, are:
Justin Ferrone, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; jcferrone@debevoise.com;
212-909-6125

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:17-cv-1462-RDM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO STEVE M. COHEN

I.  **DEFINITIONS**

      1.    The terms "all," "any," and "each" shall each be construed as encompassing any and all, including draft and final versions.

      2.    "Communication" shall mean the transmittal of information (in the form of facts, ideas or otherwise), including, without limitation, any oral, typed or hand-written communication, any face-to-face conversation, telephone conversation, facsimile, letter, telegram, memoranda, voicemail, voice message, electronic mail, text message, instant message, correspondence and any other method or means of exchanging information in any manner or form.

      3.    "Concerning" shall be construed to include all Documents or Communications that mention, describe, discuss, memorialize, concern, constitute, contain, evidence, reflect, depict, support, regard, consist of, relate to, or refer to, in any way, whether or not on the face of the document, directly or indirectly, the specified topic or topics.

      4.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      5.    "Document" has the full breadth and extent of its meaning as used in Fed. R. Civ. P. 34, and a draft or non-identical copy is a separate Document within the meaning of this term. This term also shall include any electronically stored information and any things.

      6.    "Electronically Stored Information," or "ESI" means any Document, Communication, image, file, data or other information stored on any computer, internal or external hard drive, diskette, compact disc, server, database, network or any other device or electronic repository capable of storing electronic files or information including (by way of example and not as an exclusive list) any information stored electronically, magnetically or optically, including (by way of example and not as an exclusive list):  (a) digital communications (e.g., electronic mail, voice mail, text messages, or instant messages); (b) word processed documents (e.g., Word or Word Perfect documents and drafts); (c) spreadsheets and tables (e.g., Excel workbooks); (d) accounting application data (e.g., Quickbooks or Money files); (e) image and facsimile files (e.g., .pdf, .tiff, .jpg, .gif images); (f) sound recordings (e.g., .wav and .mp3 files); (g) video and animation (e.g., .avi and .mov files); (h) databases (e.g., Access, Oracle, SAP,

SQL server data); (i) contact and relationship management data (e.g., Outlook); (j) calendar and diary application data (e.g., Outlook .pst, blog tools, or other digital calendars such as gCal or iCal); (k) presentations (e.g., PowerPoint); (l) network access and server activity logs; (m) project management application data; (n) computer aided design/drawing files; and (o) back-up and archival files (e.g., .zip).

      7.     "GHI" shall refer to Group Health Incorporated.

      8.     "GHI Plan" shall mean the GHI Comprehensive Benefits Plan, a preferred provider organization (PPO) plan, which provides out-of-network benefits, that is sponsored by the City of New York and is available to City employees, retirees and their Dependents.

      9.     "Lawsuit" shall mean the action captioned *Steven Plavin et al., on behalf of himself and all others similarly situated, v. Group Health Incorporated*, No. 17-cv-1462-RDM (M.D. Pa.).

      10.     "New York Attorney General's Office" shall include all individuals working with or on behalf of the New York Attorney General including, but not limited to, Assistant or Deputy Attorneys' General, Investigators, or other employees, representatives or agents associated with the New York Attorney General.

      11.     "You" shall refer to Steve M. Cohen or any assistants, agents, representatives or other persons acting on Steve M. Cohen's behalf.

## II.    INSTRUCTIONS

1. If You are unable to comply fully with any request, You shall comply to the fullest extent possible and provide a written explanation as to why full compliance is not possible.

2. Each Request shall be answered on the basis of Your entire knowledge, from all reasonably accessible sources, after an appropriate and good-faith inquiry has been made.

3. A Request using any of the terms in the Definitions section shall be responded to in accordance with the Definition, whether the term used in the Request is or is not capitalized.

4. Responsive Documents under Your control must be produced even though they are in another person's possession, such as the possession of an

accountant, attorney, or other agent from whom You have a right to retrieve such Documents.

5. If any responsive Document no longer exists or is not in Your possession or control, identify the Document and state the nature of the disposition of the Document (e.g. whether it is lost or has been destroyed) and/or its present location.

6. Any Document requested herein that You withhold or redact under a claim of privilege or other basis shall be identified in writing by: (a) date; (b) author; (c) recipient; (d) a list of all other persons to whom the contents of the Document or thing or information was disclosed; (e) general subject matter of the Document; and (f) the basis on which it is being withheld from production pursuant to Federal Rule of Civil Procedure 26(b)(5).

7. Documents shall be produced as they are kept in the ordinary course of business pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), including (a) providing information maintained in the ordinary course that indicates the source of the Documents, (b) providing file folders, tabs, labels, directors, etc. maintained in the ordinary course along with their respective Documents, and (c) including attachments to Documents as stored in the ordinary course.

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications between or among You, on the one hand, and the New York Attorney General's Office, on the other, Concerning (i) GHI; (ii) the GHI Plan, or (iii) the claims and allegations in this Lawsuit.

Dated:  New York, New York
      July 18, 2022

DEBEVOISE & PLIMPTON LLP
By: */s/ Justin C. Ferrone*
John Gleeson, *admitted pro hac vice*
Maura K. Monaghan, *admitted pro hac vice*
Jared I. Kagan, *admitted pro hac vice*
Justin C. Ferrone, *admitted pro hac vice*

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

3

jgleeson@debevoise.com
mkmonaghan@debevoise.com
jikagan@debevoise.com
jcferrone@debeoivse.com

LeVAN STAPLETON SEGAL COCHRAN
LLC

Peter H. LeVan, Jr.
One Liberty Place
1650 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215) 561-1500
plevan@levanstapleton.com

*Counsel for Defendant Group Health
Incorporated*

4

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | C.A. No. 3:17-CV-01462 (Hon. Robert D. Mariani) |
| v. | |
| GROUP HEALTH INCORPORATED, | |
| Defendant. | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil

Procedure, Steve M. Cohen is being subpoenaed to provide deposition testimony and to produce

documents and things in his possession, custody or control that are identified in the attached

subpoena on or before August 5, 2022.

Dated:  New York, New York
         July 18, 2022

DEBEVOISE & PLIMPTON LLP
By: */s/ Justin C. Ferrone*
John Gleeson, *admitted pro hac vice*
Maura K. Monaghan, *admitted pro hac vice*
Jared I. Kagan, *admitted pro hac vice*
Justin C. Ferrone, *admitted pro hac vice*

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
jgleeson@debevoise.com
mkmonaghan@debevoise.com
jikagan@debevoise.com
jcferrone@debeoivse.com

LeVAN STAPLETON SEGAL COCHRAN LLC
Peter H. LeVan, Jr.
One Liberty Place
1650 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215) 561-1500
plevan@levanstapleton.com

*Counsel for Defendant Group Health Incorporated*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| Plavin, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:17-cv-1462-RDM |
| Group Health Incorporated | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         Steven M. Cohen

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY, 10022 | Date and Time: 08/05/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   Videographic and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A, attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/18/2022

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant Group Health Incorporated                                         , who issues or requests this subpoena, are:
Justin Ferrone, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; jcferrone@debevoise.com; 212-909-6125

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:17-cv-1462-RDM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                      *Server's signature*

                                          _____
                                                      *Printed name and title*


                                          _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO STEVE M. COHEN

**I.     DEFINITIONS**

1.     The terms "all," "any," and "each" shall each be construed as encompassing any and all, including draft and final versions.

2.     "Communication" shall mean the transmittal of information (in the form of facts, ideas or otherwise), including, without limitation, any oral, typed or hand-written communication, any face-to-face conversation, telephone conversation, facsimile, letter, telegram, memoranda, voicemail, voice message, electronic mail, text message, instant message, correspondence and any other method or means of exchanging information in any manner or form.

3.     "Concerning" shall be construed to include all Documents or Communications that mention, describe, discuss, memorialize, concern, constitute, contain, evidence, reflect, depict, support, regard, consist of, relate to, or refer to, in any way, whether or not on the face of the document, directly or indirectly, the specified topic or topics.

4.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     "Document" has the full breadth and extent of its meaning as used in Fed. R. Civ. P. 34, and a draft or non-identical copy is a separate Document within the meaning of this term. This term also shall include any electronically stored information and any things.

6.     "Electronically Stored Information," or "ESI" means any Document, Communication, image, file, data or other information stored on any computer, internal or external hard drive, diskette, compact disc, server, database, network or any other device or electronic repository capable of storing electronic files or information including (by way of example and not as an exclusive list) any information stored electronically, magnetically or optically, including (by way of example and not as an exclusive list):  (a) digital communications (e.g., electronic mail, voice mail, text messages, or instant messages); (b) word processed documents (e.g., Word or Word Perfect documents and drafts); (c) spreadsheets and tables (e.g., Excel workbooks); (d) accounting application data (e.g., Quickbooks or Money files); (e) image and facsimile files (e.g., .pdf, .tiff, .jpg, .gif images); (f) sound recordings (e.g., .wav and .mp3 files); (g) video and animation (e.g., .avi and .mov files); (h) databases (e.g., Access, Oracle, SAP,

SQL server data); (i) contact and relationship management data (e.g., Outlook); (j) calendar and diary application data (e.g., Outlook .pst, blog tools, or other digital calendars such as gCal or iCal); (k) presentations (e.g., PowerPoint); (l) network access and server activity logs; (m) project management application data; (n) computer aided design/drawing files; and (o) back-up and archival files (e.g., .zip).

7. "GHI" shall refer to Group Health Incorporated.

8. "GHI Plan" shall mean the GHI Comprehensive Benefits Plan, a preferred provider organization (PPO) plan, which provides out-of-network benefits, that is sponsored by the City of New York and is available to City employees, retirees and their Dependents.

9. "Lawsuit" shall mean the action captioned *Steven Plavin et al., on behalf of himself and all others similarly situated, v. Group Health Incorporated*, No. 17-cv-1462-RDM (M.D. Pa.).

10. "New York Attorney General's Office" shall include all individuals working with or on behalf of the New York Attorney General including, but not limited to, Assistant or Deputy Attorneys' General, Investigators, or other employees, representatives or agents associated with the New York Attorney General.

11. "You" shall refer to Steve M. Cohen or any assistants, agents, representatives or other persons acting on Steve M. Cohen's behalf.

## II.   INSTRUCTIONS

1. If You are unable to comply fully with any request, You shall comply to the fullest extent possible and provide a written explanation as to why full compliance is not possible.

2. Each Request shall be answered on the basis of Your entire knowledge, from all reasonably accessible sources, after an appropriate and good-faith inquiry has been made.

3. A Request using any of the terms in the Definitions section shall be responded to in accordance with the Definition, whether the term used in the Request is or is not capitalized.

4. Responsive Documents under Your control must be produced even though they are in another person's possession, such as the possession of an

accountant, attorney, or other agent from whom You have a right to
retrieve such Documents.

5. If any responsive Document no longer exists or is not in Your possession
or control, identify the Document and state the nature of the disposition of
the Document (e.g. whether it is lost or has been destroyed) and/or its
present location.

6. Any Document requested herein that You withhold or redact under a claim
of privilege or other basis shall be identified in writing by: (a) date; (b)
author; (c) recipient; (d) a list of all other persons to whom the contents of
the Document or thing or information was disclosed; (e) general subject
matter of the Document; and (f) the basis on which it is being withheld
from production pursuant to Federal Rule of Civil Procedure 26(b)(5).

7. Documents shall be produced as they are kept in the ordinary course of
business pursuant to Federal Rule of Civil Procedure 34(b)(2)(E),
including (a) providing information maintained in the ordinary course that
indicates the source of the Documents, (b) providing file folders, tabs,
labels, directors, etc. maintained in the ordinary course along with their
respective Documents, and (c) including attachments to Documents as
stored in the ordinary course.

## III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications between or among You, on the one
hand, and the New York Attorney General's Office, on the other,
Concerning (i) GHI; (ii) the GHI Plan, or (iii) the claims and allegations in
this Lawsuit.

Dated:  New York, New York
      July 18, 2022

DEBEVOISE & PLIMPTON LLP
By: */s/ Justin C. Ferrone*
John Gleeson, *admitted pro hac vice*
Maura K. Monaghan, *admitted pro hac vice*
Jared I. Kagan, *admitted pro hac vice*
Justin C. Ferrone, *admitted pro hac vice*

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

3

jgleeson@debevoise.com
mkmonaghan@debevoise.com
jikagan@debevoise.com
jcferrone@debeoivse.com

LeVAN STAPLETON SEGAL COCHRAN
LLC

Peter H. LeVan, Jr.
One Liberty Place
1650 Market St, Suite 3600
Philadelphia, PA 19103
Tel: (215) 561-1500
plevan@levanstapleton.com

*Counsel for Defendant Group Health
Incorporated*

4

## CERTIFICATE OF SERVICE

I, Justin C. Ferrone, of the law firm of Debevoise & Plimpton, herein certify that July 18, 2022, I caused the Notice of Subpoena to be served on all counsel of record identified below by electronic mail.

Dated: New York, New York
July 18, 2022

/s/ Justin C. Ferrone
Justin C. Ferrone

## SERVICE LIST

Plavin v. Group Health Incorporated, C.A. No. 3:17-CV-01462
United States District Court, Middle District of Pennsylvania

**Haggerty Hinton & Cosgrove LLP**
J. Timothy Hinton
timhinton@haggertylaw.net

Michael F. Cosgrove
mikecosgrove@haggertylaw.net

**Susman Godfrey LLP**
William C. Carmody
bcarmody@susmangodfrey.com

Arun S Subramanian
asubramanian@susmangodfrey.com

Halley W. Josephs
hjosephs@susmangodfrey.com

Nicholas C. Carullo
ncarullo@susmangodfrey.com

Steven M. Shepard
sshepard@susmangodfrey.com

Ari S. Ruben
aruben@susmangodfrey.com

**Law Office of Steve Cohen**
Steve M. Cohen
steve.cohen@stevecohenesq.com