UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE M. COHEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>　　　　　　　Defendant. | Misc. Action No.: 1:22-mc-00200-GHW<br><br>**Underlying Litigation:**<br><br>*Plavin et al. v. Group Health Inc.*, No. 3:17-cv-1462-RDM (M.D. Pa.) |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA TO DEPOSE LITIGATION COUNSEL

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| BACKGROUND | 2 |
| LEGAL STANDARD | 6 |
| ARGUMENT | 7 |
| CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*,
  No. 20 Misc. 23, 2020 WL 4700910 (S.D.N.Y. Aug. 13, 2020) ............................................. 6

*Clare v. Clare*,
  No. 4:18-CV-05045-SAB, 2021 WL 6206978 (E.D. Wash. Nov. 16, 2021) ..................... 8, 11

*Finkel v. Zizza & Assocs. Corp.*,
  No. 12-CV-4108(JS)(ARL), 2021 WL 1375655 (E.D.N.Y. Apr. 12, 2021) ..................... 8, 12

*KOS Building Group, LLC v. R.S. Granoff Architects, P.C.*,
  19-CV-2918 (PMH)(LMS), 2020 WL 1989487 (S.D.N.Y. Apr. 24, 2020) .......................... 12

*Lynch v. City of N.Y.*,
  No. 16-CV-7355 (LAP), 2021 WL 5140728 (S.D.N.Y. Nov. 4, 2021) ................................. 6

*NYC Organization of Public Service Retirees v Renee Campion*,
  Supreme Court of New York, NY Cty, Index No. 158815/2021 .......................................... 5

*Patsy's Italian Restaurant, Inc. v. Banas*,
  Nos. 06-CV-00729 (DLI)(RER), 06-CV-5857 (DLI)(RER), 2007 WL 174131
  (E.D.N.Y. Jan. 19, 2007) ....................................................................................................... 7

*Plavin v. Group Health, Inc.*,
  857 F. App'x 83 (2021) (unpublished) ................................................................................. 3

*Plavin v. Group Health, Inc.*,
  No. 18-2490, 2019 WL 1965741 (Apr. 4, 2019) (unpublished) ............................................ 3

*Plavin v. Group Health, Inc.*,
  No. 3:17-cv-1462, ECF Doc. No. 110 (M.D. Pa. June 3, 2022) ........................................ 2, 3

*Plavin v. Group Health Inc.*,
  No. 3:17-cv-1462-RDM (M.D. Pa.) ............................................................................. *passim*

*Rekor Sys., Inc. v. Loughlin*,
  No. 19-cv-7767 (LJL), 2022 WL 671908 (S.D.N.Y. Mar. 7, 2022) ............................... 6, 7, 8

*Salzar v. Driver Provider Phoenix LLC*,
  No. CV-19-05760-PHX-SMB, 2022 WL 1747811 (D. Ariz. May 31, 2022) ....................... 8

*In re Subpoena Issued to Dennis Friedman*,
  350 F.3d 65 (2d Cir. 2003) ........................................................................................ 8, 11, 12

*Varbero v. Belesis*,
 No. 20-cv-2538 (LJL), 2020 WL 7043503 (S.D.N.Y. Dec. 1, 2020) ................................... 7

**Statutes**

New York General Business Law Section 349 ......................................................................... 3

New York General Business Law Section 350 ......................................................................... 3

New York Insurance Law Section 4226 ................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 26(c)(1) ............................................................................................................. 6

Fed. R. Civ. P. 45(d)(3)(A) ....................................................................................................... 6

# INTRODUCTION

Plaintiff Steve Cohen ("Cohen"), an attorney and author, seeks to quash an improper deposition served upon him by an opposing litigant. Cohen is a litigator who currently represents the plaintiffs and seeks to represent the putative class in *Plavin v. Group Health Inc.*, No. 3:17-cv-1462-RDM (M.D. Pa.) (the "GHI Litigation"). GHI is growing palpably frustrated with the continuing progress of the case. After GHI prevailed on a motion to dismiss, the Third Circuit reversed, and the case has proceeded with full discovery confirming GHI's wrongful practices.

Very near the close of fact discovery, counsel for GHI suddenly demanded Cohen's deposition. GHI stated it wants to depose Cohen to prove his supposed "extreme bias" against GHI. Among other things, GHI asked for testimony about Cohen's investigations of GHI misconduct, about the "genesis of the [GHI L]itigation," about Cohen's "personal opinions or beliefs" about GHI—all potentially privileged matters related to Cohen's work on this and other cases. There is *no conceivable way* that an attorney's supposed "bias" against the attorney's adversary could be relevant to *any* procedural or substantive issue the case. GHI counsel's recent emails make clear that the true purpose of the subpoena is not to seek any potentially relevant information, but to harass GHI's adversary and try to intrude into his legal strategy.

Nevertheless, when GHI asked to depose Cohen, his co-counsel from Susman Godfrey LLP offered GHI a reasonable comprise. Cohen would have agreed to testify as to a single, non-privileged factual issue – his investigative work that he shared with the Office of the New York Attorney General that led to a 2014 Assurance of Discontinuance and a $3.5 million payment by GHI – while reserving for future proceedings in the GHI Litigation, all of the plaintiffs' potential objections as to the relevance of such limited testimony. But GHI rejected co-counsel's compromise. The subpoena therefore should be quashed in full.

1

**BACKGROUND**

The following brief background is largely drawn from public filings in and related to the GHI Litigation. Cohen also accepts solely for purposes of argument, certain factual assertions made by GHI counsel in email communications about its request for his deposition. *See* Cohen Decl. Exs. A & B.

The GHI Litigation is a putative class brought on behalf persons who were enrolled in GHI's Comprehensive Benefit Plan for the employees and retirees of the City of New York (the "Plan") at any time from 2011 to 2015. *Plavin v. Group Health, Inc.*, No. 3:17-cv-1462, ECF Doc. No. 110, at 1 (M.D. Pa. June 3, 2022) (order denying in part defendant's motion to compel). Cohen is the attorney who conceived the case and drafted the complaint. Cohen Decl. ¶ 4. Prior to his involvement in the GHI Litigation, Cohen provided information to the New York Attorney General about GHI misconduct, which led to a 2014 settlement (the "GHI AG Settlement"). *Id.* Ex. A. Cohen also served for a period as a relator in a *qui tam* action against GHI after the 2014 settlement (the "GHI *Qui Tam* Action"). *Id.*

Plaintiffs in the GHI Litigation assert a pattern of unfair and deceptive practices in which GHI falsely described the Plan as providing extensive coverage for services by non-participating providers. Further, Plaintiffs allege that GHI falsely represented that reimbursements rates for out-of-network services would sometimes be less than the actual cost of the service—when in actuality, the reimbursement was almost always far less than the actual cost of the service—rendering the coverage functionally illusory. *Ibid.* The complaint further alleges deceptive marketing of the GHI Plan, misrepresentations as to the levels of reimbursement for out-of-network coverage, fraudulent promises as to catastrophic coverage, misrepresentations regarding an "enhanced" coverage ride, and the issuance of other deceptive marketing materials and benefit descriptions. *Ibid.* Plaintiffs pleaded claims for unjust enrichment, deceptive acts/practices in

violation of New York General Business Law Section 349, false advertising in violation of New York General Business Law Section 350, and misrepresentation in violation of New York Insurance Law Section 4226. *Ibid.*

In 2018, the district court in the GHI Litigation granted a motion to dismiss plaintiffs' complaint. *Id.*, ECF Doc. No. 55, at 1 (June 22, 2018). However, the next year, the Third Circuit certified questions regarding New York law issues presented by the motion to dismiss to the New York Court of Appeals. *Plavin v. Group Health, Inc.*, No. 18-2490, 2019 WL 1965741, at *1 (Apr. 4, 2019) (unpublished). In 2020, the Court of Appeals answered those questions in plaintiffs' favor, and thereafter the Third Circuit vacated the dismissal order and reinstated plaintiffs' entire case. *Plavin v. Group Health, Inc.*, 857 F. App'x 83, 83 (2021) (unpublished). The case was nearly through fact discovery before GHI's counsel demanded to depose Cohen.

On June 29, 2022, just weeks before the close of fact discovery in the GHI Litigation, and shortly before commencement of expert discovery and class certification briefing, GHI counsel emailed plaintiffs' counsel demanding to depose Cohen. *Id.* ¶¶ 5-6. The request to take discovery directly from GHI's opposing counsel came a few weeks after a decision partially denying a motion filed by GHI to compel production of plaintiffs' attorney communications with absent class members. *Plavin v. Group Health, Inc.*, No. 3:17-cv-1462, ECF Doc. No. 110, at 1 (M.D. Pa. June 3, 2022). Although the Court in the GHI Litigation partially granted the requested absent class member discovery, the Court took care to note the need for GHI to proceed with extreme caution whenever inquiring into potentially privileged matters: "[S]uch discovery, if engaged in, must be undertaken *so as to protect against the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiffs' counsel* or other representative concerning the litigation." *Id.* at 20.

3

GHI utterly disregarded the Court's warning. In its initial email requesting the deposition of the very opposition counsel who conceived the lawsuit, GHI announced its intention to depose Cohen on the following topics: (1) Cohen's communications with and related to the New York Attorney General leading to the GHI AG Settlement, (2) Cohen's factual investigations into the GHI misconduct alleged in the complaint in the GHI Litigation, (3) Cohen's communications with absent class members, (4) Cohen's communications with another group that has filed complaints against GHI, and (5) Cohen's supposed "extreme bias" against GHI as reflected in part by his participation as a relator in the GHI *Qui Tam* Action. Cohen Decl. Ex. A.

Cohen's co-counsel objected to the request for Cohen's deposition ("absent some compelling topic or argument that we have not yet heard, we do not believe Defendants can meet their burden to justify the extraordinary step of deposing opposing counsel") but offered to consider in good faith a narrowed list of deposition topics. *Id.* Ex. B.

In reply, GHI did not narrow its request but instead doubled down on the far-out theory that it is permissible for a defendant to depose opposing counsel to explore the opposing attorney's bias. *See id.* GHI counsel wrote, among other things: "Mr. Cohen's bias against GHI . . . [is] directly relevant to the claims and defenses at issue in the litigation [and to] determining whether and to what extent Plaintiffs' claims are truly their own and supported by their factual experiences with GHI." Unsurprisingly, GHI identified no case law supposing its attorney bias exploration theory. GHI also expanded its list of deposition topics from five topics to cover fourteen (14) different subject areas, including "Cohen's personal opinions or beliefs concerning GHI," how "Cohen purportedly 'uncovered the fraud' alleged in this litigation," and Cohen's communications with potential plaintiffs. *Id.*

4

GHI also proposed questioning Cohen about "Mr. Cohen's role, if any, in the NYC Organization of Public Service Retirees, and the purpose and actions of the group." *Id.* GHI apparently is not aware that Mr. Cohen represents the NYC Organization of Public Service Retirees in a case against New York City and collaterally, GHI. *Id.* at ¶ 12; *see NYC Organization of Public Service Retirees v Renee Campion*, Supreme Court of New York, NY Cty, Index No. 158815/2021. The Retirees won an injunction prohibiting the City from forcing 250,000 retirees into a Medicare Advantage plan, which GHI was to provide in an "Alliance" with Anthem Blue Cross Blue Shield. Cohen Decl. ¶ 13. Last week, Anthem withdrew from the Alliance, effectively scuttling the plan. *Id.* ¶ 14. If there is any bias, perhaps it is on GHI's part against Cohen, after GHI was deprived by the New York state court's action of this new contract. That contract, according to the City, was worth approximately $600 million annually.

Cohen and his co-counsel appropriately objected again to GHI's expanded deposition request. *Id.* Ex. B. On July 13, 2022, Cohen's co-counsel wrote: "It is correct that Mr. Cohen was involved in investigating GHI's fraud, prior to filing this lawsuit. This is true of *every* diligent plaintiffs' lawyer in *every* case. An attorney's pre-suit investigation of his client's case is classic work product and is not a basis for deposing that lawyer." *Id.* Nevertheless, co-counsel offered to present Cohen voluntarily, as a compromise only to avoid wasteful motion practice, on "Topic 1 in your email—his communications with the NYAG." *Id.*

GHI rejected this compromise and, on July 18, 2022, issued a Southern District of New York subpoena for a deposition of Cohen to be held in New York on at 10:00 am on August 5, 2022. *Id.* The subpoena also demanded that Cohen bring to the deposition for review "[a]ll Documents and Communications between or among [Cohen], on the one hand, and the New

5

York Attorney General's Office, on the other, concerning (i) GHI; (ii) the GHI Plan, or (iii) the claims and allegations in this Lawsuit." *Id.* This motion seeks to quash that subpoena in full.

## LEGAL STANDARD

Rule 45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Federal Rule of Civil Procedure 26(c)(1) relatedly provides: "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (A) forbidding the disclosure or discovery; [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Lynch v. City of N.Y.*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021) (granting protective order).

On a motion to quash or limit discovery, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020). Once the party seeking the discovery establishes relevance/materiality, the party seeking to limit the requested discovery bears the burden of showing why the requested discovery should still be limited, *e.g.*, privilege or undue burden. *Id.*

Courts in the Second Circuit follow the long-recognized presumption against deposing a party's trial counsel. *Rekor Sys., Inc. v. Loughlin*, No. 19-cv-7767 (LJL), 2022 WL 671908, at *2 (S.D.N.Y. Mar. 7, 2022). The presumption is based on the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel. *Id.* Discovery by one party of the lawyer representing the other party in the litigation could potentially lead to the disclosure of the attorney's litigation strategy and would do nothing for the administration of

6

justice but rather prolong and increase the costs of litigation, demean the profession, and constitute an abuse of the discovery process. *Id.* The rationale for the presumption is that depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case. *Id.*

When reviewing a motion to quash a deposition directed to litigation counsel, this Court thus must take into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. *Id.* (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003)). Those factors include but are not limited to the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. *Id.*; *see, e.g.*, *Varbero v. Belesis*, No. 20-cv-2538 (LJL), 2020 WL 7043503, at *3 (S.D.N.Y. Dec. 1, 2020) (granting motion to quash plaintiff's subpoena for documents from defense counsel); *Patsy's Italian Restaurant, Inc. v. Banas*, Nos. 06-CV-00729 (DLI)(RER), 06-CV-5857 (DLI)(RER), 2007 WL 174131, at *4 (E.D.N.Y. Jan. 19, 2007) (quashing deposition subpoena to counsel).

## **ARGUMENT**

GHI's request to depose Cohen raises the very concerns that motivated Courts to recognize a presumption against deposing litigation adversaries in the first place. GHI is trying to harass, embarrass, inconvenience, and perhaps retaliate against an opposing lawyer by forcing him to sit for a potentially lengthy deposition without any topic limitation. *Rekor*, 2022 WL 671908, at *2. If the requested deposition proceeds, it could inherently lead to the disclosure of protected attorney litigation strategy matters. *Id.* The requested deposition would do nothing for the true administration of justice but would instead unnecessarily increase the costs of the underlying GHI Litigation, and demean plaintiffs' counsel for doing his job trying to pursue

7

justice for his clients and the class. Moreover, in this case, all the relevant facts and circumstances show that the proposed deposition of Cohen would entail an inappropriate burden or hardship. *In re Friedman*, 350 F.3d at 72.

*First*, there is no *need* whatsoever for GHI to depose plaintiffs' litigation co-counsel on *any* of the fourteen (14) topics identified by GHI in its most recent email communication. *Id.* Courts have identified a *need* to depose opposing counsel in very limited circumstances, such as when a client raises an advice of counsel defense. *See, e.g., Salzar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2022 WL 1747811, at *4 (D. Ariz. May 31, 2022); *see also Rekor*, 2022 WL 671908, at *2 (permitting deposition of transactional counsel about *"what he said to the opposing party in a transaction"* (emphasis added)). Court have found *no need* to depose counsel when requested relevant information is available from other sources. *See, e.g., Clare v. Clare*, No. 4:18-CV-05045-SAB, 2021 WL 6206978, at *4-5 (E.D. Wash. Nov. 16, 2021); *see also Finkel v. Zizza & Assocs. Corp.*, No. 12-CV-4108(JS)(ARL), 2021 WL 1375655, at *3 (E.D.N.Y. Apr. 12, 2021) (applying same standard to preclude trial subpoena to counsel).

GHI's listed deposition topics are all utterly irrelevant and pretexts for harassing GHI's opposing counsel; and for conducting a fishing expedition into counsel's litigation strategy.

- GHI asked for testimony about Cohen's communications with the New York Attorney General and other regulators about GHI. Cohen Decl. Ex. B. Cohen's past communications about GHI with regulators are irrelevant to *his client's current claims* against GHI. The claims in the GHI Litigation will rise or fall based on *discovery from GHI* about its practices, not on what Cohen may have said to a regulator in other contexts. Moreover, even if information about Cohen's communications with regulators

were relevant, that information could instead be sought from the regulators. That request would avoid an invasive, unrestricted seven-hour deposition of GHI's opposing counsel.

- GHI asked for testimony about "[n]on-privileged documents produced in this litigation from, to or referencing Mr. Cohen." *Id.* The fact that litigation counsel appears on some produced documents surely does not by itself justify taking opposing counsel's deposition. If that were the rule, opposing counsel could be deposed in almost any case.

- GHI asked for testimony about "Mr. Cohen's personal opinions or beliefs concerning GHI, if any." *Id.* Cohen is litigation counsel, not an expert. His opinions and beliefs have *zero* relevance to the merits and also have zero relevance to any class certification issues.

- GHI asked for testimony about "the manner in which Mr. Cohen purportedly 'uncovered the fraud' alleged in this litigation." *Id.* To justify this request, GHI references a document stating that Cohen identified the fraud when working as a journalist. *Id.* But there is not even a colorable argument that information about the manner of Cohen's investigation could have *any* bearing on any trial issue nor any certification issue. Further, Mr. Cohen's work as a journalist is not only well-established – he is the author of six books and scores of newspaper and magazine articles – but protected by New York's SHIELD law. Cohen Decl. ¶ 2.

- GHI asked for testimony about "evidence supporting or contradicting the purported fraud" Cohen claims to have uncovered in his investigation. *Id.* There is no need for testimony on this topic because there has and will continue to be full discovery *between the parties* regarding the merits of *Cohen's clients'* current claims in the GHI Litigation.

- GHI asked for testimony about Cohen's "relationship, if any, with Alan Berkowitz and Michele Diesman Mason." *Id.* Mr. Berkowitz and Ms. Diesman Mason are third-party

9

retirees who sought out Mr. Cohen for possible legal representation. *Id.* at ¶ 9. Their conversations with him are privileged.

- GHI asked for testimony about Cohen's "meetings with potential plaintiffs for this litigation." *Id.* Such testimony has no relevance to any issues in the GHI Litigation and, to the extent the potential plaintiffs retained Cohen, the testimony sought is privileged. Moreover, GHI already sought and obtained in the GHI Litigation some document discovery regarding absent class member communications, such that there is no plausible argument that GHI also needs to take a deposition of counsel to prove this issue. *Id.*

- GHI asked for testimony about *another lawsuit*, the GHI Qui Tam Action, including about the "factual basis and evidence supporting the allegations raised in that" other case. *Id.* There is no conceivable argument why such information could be relevant to any issue in the *current* GHI Litigation, in which Cohen serves as counsel not as a relator.

- GHI asked for testimony about "Mr. Cohen's relationship, if any, with NYC police unions." *Id.* This information, too, has no bearing on any merits issues or procedural issues in the GHI Litigation. This information could also be sought from non-counsel sources.

- GHI asked for testimony about Cohen's relationships with persons listed in plaintiffs' interrogatory responses in the GHI Litigation. *Id.* This information has no relevance. Even if there were some valid reason for inquiring into these individuals' relationships with Cohen, GHI could seek the information through discovery issued to the listed persons, rather than via an intrusive, unlimited deposition of GHI's opposing counsel.

- GHI asked for testimony about "factual information learned by or provided to Mr. Cohen by third parties" related to the allegations in the lawsuit. *Id.* GHI is free to serve

interrogatories to the parties in the GHI Litigation regarding the evidence supporting and/or contracting plaintiffs' claims. There is absolutely no need to depose an opposing lawyer on this topic. If the inquiry GHI seeks were permitted, then the plaintiffs' lawyers would be subject to intrusive deposition in every single lawsuit filed in our court system.

- GHI asked for testimony about "[n]on-privileged communications between Mr. Cohen and potential class members *or named plaintiffs.*" *Id.* The topic makes no sense as written—Cohen's communications with the named plaintiffs are virtually all privileged. The requested information is also irrelevant. Any inquiry about *non-privileged* communications from Cohen could and should have been raised through discovery to the plaintiffs or to the potential class members in question. Moreover, GHI has already sought and obtained some of the requested *written* communications in the GHI Litigation.

- GHI asked for testimony about "Mr. Cohen's role, if any, in the NYC Organization of Public Service Retirees, and the purpose and actions of the group." *Id.* This topic is *entirely* irrelevant to the claims, defenses, and procedural issues in the GHI Litigation.

- GHI asked for testimony on "[f]ollow-up questions to any testimony that Mr. Cohen provides." *Id.* This is a catch-all, not a separate topic, and does not justify a deposition.

The *second* factor—the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation—also weighs very strongly in favor of quashing the subpoena. *In re Friedman*, 350 F.3d at 72; *see, e.g.*, *Clare*, 2021 WL 6206978, at *5 n.2 (noting that the subpoena target's role in the lawsuit weigh in favor of precluding deposition). Cohen is plaintiffs' co-counsel in the GHI Litigation. He conceived the case and drafted the complaint. Cohen Decl. ¶ 4. Several topics identified by GHI counsel in its email communications concerning the deposition request directly relate to Cohen's role as a lawyer in

11

the GHI case. Other topics relate to investigative work Cohen performed about GHI misconduct that he brought to the attention of government regulators. To the extent that discovery on that topic is relevant, it can be sought from other persons. *Finkel*, 2021 WL 1375655, at *3.

*Third*, there is a serious risk of encountering privilege and work-product issues during Cohen's deposition. *In re Friedman*, 350 F.3d at 72. Privilege and work-product concerns can still arise even where, as here, GHI repeatedly worked the word "non-privileged" into its list of proposed deposition topics. *Finkel*, 2021 WL 1375655, at *4. It is virtually inevitable that any deposition of Cohen will devolve into a prolonged argument over expected privilege objections.

*Fourth*, the extent of discovery already conducted also weighs in favor of quashing the deposition subpoena. *Id.* Fact discovery in the GHI Litigation is about to close. GHI waited until the last possible moment to seek Cohen's deposition. "The late stage of discovery and [d]efendant[']s[] failure to explore other options for obtaining this information before seeking to depose [Cohen] weighs against allowing [Cohen's] deposition." *KOS Building Group, LLC v. R.S. Granoff Architects, P.C.*, 19-CV-2918 (PMH)(LMS), 2020 WL 1989487, at *6 (S.D.N.Y. Apr. 24, 2020) (granting motion to quash deposition subpoena issued to plaintiff's counsel).

Finally, GHI's request for documents directed to Cohen should also be quashed. The requests should have been directed, in the first instance, via document requests issued to the plaintiffs in the GHI Litigation. Indeed, the Court in the GHI Litigation recently decided a motion to compel regarding a request for information that would likely have come from counsel's files, but was still requested from the parties. *Plavin*, No. 3:17-cv-1462, ECF Doc. No. 110, at 1. There was no need nor any justification for GHI to shift the locus for any dispute over a similar discovery request from the forum overseeing the GHI Litigation, to this separate Court.

## CONCLUSION

For the reasons set forth above, Cohen's motion to quash should be granted in full. Alternatively, the deposition and document subpoena should be quashed in part and the deposition limited to the single topic of Cohen's prior, non-privileged communications with the New York Attorney General's Office concerning GHI.

Dated: July 27, 2022

Respectfully submitted,

*/s/ Steve M. Cohen*
Steve M. Cohen
Pollock Cohen LLP
111 Broadway
Suite 1804
New York, NY 10006
Tel.: (212) 337-5261
scohen@pollackcohen.com