

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 17, 2022

**BY ECF**

The Honorable Katharine H. Parker, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, NY 10007

**Cohen v. Group Health Incorporated, Case No. 1:22-mc-00200-PAE-KHP:**

**<u>Letter Motion to Seal</u>**

Dear Judge Parker:

This firm represents Respondent Group Health Incorporated ("GHI" or "Respondent") in the above-referenced miscellaneous action. Shortly, we will file GHI's opposition to Petitioner Steve M. Cohen's Motion to Quash, along with exhibits. Some of these exhibits have been designated by Plaintiffs in the underlying action as "Confidential" or "Confidential/Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in the underlying action, *Steven Plavin, et al., v. Group Health Incorporated*, No. 17-CV-01462-RDM (M.D. Pa. Jan. 10, 2018), ECF Nos. 53-54. Under paragraph 11 of the Stipulated Protective Order, a copy of which is attached, GHI is required to file these documents under seal.

Pursuant to Rule III(d) of Your Honor's Individual Practices, GHI sent these documents to Petitioner Steve M. Cohen and counsel for Plaintiffs in the underlying action (the designating party) to determine whether sealing was necessary and to propose limited redactions of confidential health information. Neither the Petitioner nor Plaintiffs' counsel responded to our proposal, nor did they consent to file these exhibits on the public docket. Accordingly, in order to comply with the terms of the Stipulated Protective Order in the underlying action, GHI respectfully requests permission to file these exhibits under seal, and to file a redacted version of GHI's brief on the public docket.

We thank the Court for its consideration.

Respectfully submitted,

__/s/   *Jared I. Kagan*___
Jared I. Kagan
DEBEVOISE & PLIMPTON LLP
919 3rd Avenue
New York, New York, 10022
Phone:  (212) 909-6000
jikagan@debevoise.com
*Counsel to Respondent Group Health*
*Incorporated*

cc:      Steve M. Cohen (by ECF)

         Counsel of Record in the underlying action (by email)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN PLAVIN, on behalf of himself        :
and all others similarly situated,         :
                                           :
              **Plaintiffs,**       :
                                           :
    **v.**                                :        **3:17-CV-01462**
                                           :        **(JUDGE MARIANI)**
**GROUP HEALTH INCORPORATED**              :
                                           :
              **Defendant.**        :

### ORDER

**AND NOW, THIS __16ᵗʰ__ DAY OF JANUARY, 2018**, this Court acknowledges

receipt of the parties' Joint Proposed Protective Order, (Doc. 53), recognizes the document

as an agreement between the parties, and will accordingly enforce it as such.  In doing so,

this Court expresses no opinion as to the merits of the agreement and neither approves nor

disapproves of its contents.  **ACCORDINGLY, IT IS HEREBY ORDERED THAT** the parties'

Joint Proposed Protective Order, (Doc. 53), is **ACCEPTED**.


                                  _____
                                  Robert D. Mariani
                                  United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- x

STEVEN PLAVIN, on behalf of himself and all
others similarly situated,

              Plaintiff,

    v.

GROUP HEALTH INCORPORATED,

              Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 3:17-cv-01462-RDM

Judge Robert D. Mariani

Electronically Filed

---------------------------------------------------------- x

## <u>AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY</u>

AND NOW, this _____ day of _____, 2018, THIS CAUSE having

come before the Court on the parties' agreement to entry of the following Agreed

Protective Order Regarding Confidentiality,[1] and the Court being fully advised in

---

[1] The parties submit this protective order pursuant to the discussion with the Court at the January 5, 2018 case management conference and Paragraph 1 of the Court's January 5 Order (Dkt. 52). Regarding the propriety of this protective order under existing Third Circuit precedent, the parties state: This is a putative class action involving health insurance. Discovery will involve production of medical records and other documents containing private health information, in addition to Defendant's financial information. In the Third Circuit, entry of a protective order is appropriate to shield sensitive information and protect individuals' privacy rights. *See, e.g.*, *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) ("The court, in its discretion, is authorized by [Rule 26] to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests—including privacy and other confidentiality interests—that might be harmed by the release of the material sought."); *see also City Select Auto Sales Inc. v. BMW Bank of N.A. Inc.*, 867 F.3d

the premises, and in the interest of ensuring that confidential information submitted pursuant to discovery in this action is not improperly disclosed, the Court hereby enters the following protective order regarding confidentiality (the "Order"):

1. As used in this Order, the following words shall have the following meanings:

(a) "this action" means the civil action captioned above and pending in this Court;

(b) "party" or "parties" means Plaintiff Steven Plavin, and all others similarly situated, and Group Health Incorporated ("GHI") in this action, and each party's respective successors, assigns, heirs, devisees, and insurers (and their respective counsel);

(c) "non-party" means any natural person, partnership, corporation, association, or other legal entity not a party in the action captioned above and pending in this Court, and their respective successors, assigns, heirs and devisees;

---

434, 442–43 (3d Cir. 2017) (remanding case for production of credit database "subject, if appropriate, to a protective order and any other necessary provisions for confidentiality of [credit company's] business information"); *Howard v. Rustin*, No. 06-200, 2007 WL 2811828, at *3 n.5 (W.D. Pa. Sept. 24, 2007) (recognizing that disclosure of HIPAA-protected information pursuant to a discovery request requires a protective order and observing more generally that "use of a protective order . . . advances the strong federal policy in favor of protecting the privacy of patient medical records") (internal quotation marks omitted).

(d)    "protected person" means any party or non-party that furnishes or has furnished any information or material to any party in connection with this action;

(e)    "Court" means the United States District Court for the Middle District of Pennsylvania;

(f)    "documents" mean answers to interrogatories or document requests, deposition transcripts, responses to requests for admissions, or any other material in paper or electronic form provided by one party to this proceeding to another during the pendency of this proceeding.  Any material created by any party which includes Confidential information, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed Confidential information and the same terms regarding confidentiality of these materials shall apply as apply to the originals;

(g)    "disclosed" means shown, divulged, revealed, produced, described or transmitted, in whole or in part;

(h)    "discovery" means discovery in this action;

(i)    "Confidential" means competitively sensitive business or financial information or any trade secret or other confidential research, development, or commercial information as such terms are used in the

Federal Rules of Civil Procedure, and confidential trade secret/business records as defined under the law of New York State, or "Confidential Health Information," Confidential Patient Information," "Individually Identifiable Health Information," and "Protected Health Information," as defined below;

(j)    "Confidential Health Information" or "Confidential Patient Information" means, without regard to whether the material has been designated "Confidential Health Information" or "Confidential Patient Information," any document or information supplied that identifies an individual or subscriber in any manner and relates to the past, present, or future provision of health care or payment for the provision of health care to such individual or subscriber.  The term "Confidential Health Information" or "Confidential Patient Information" specifically includes "protected health information" as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. section 160.103 ("individually identifiable health information" and "protected health information")) and such information protected by privacy statutes, rules, regulations and common law principles promulgated under New York law.  "Confidential Health Information" or "Confidential Patient Information" includes all notes, summaries,

compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information. "Confidential Health Information" or "Confidential Patient Information" may be collectively referred to herein as "Confidential." In the event that a document or information contains more than one category of Confidential material, that document or information shall be governed by the provisions of this Order which afford the greatest protection.

(k)    "Personally Identifiable Information" means, without regard to whether the material has been designated "Personally Identifiable Information," any document or information supplied that includes information that can be used to identify, contact, or locate a specific person, including but not limited to: names; geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent geocodes; all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, date of death, and all ages and all elements of dates (including year) indicative of such age; telephone numbers; fax numbers; email addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate or license numbers; vehicle identifiers and serial numbers, including license plate numbers; device identifiers and

serial numbers; Web Universal Resource Locators; Internet Protocol address numbers; biometric identifiers, including finger and voice prints; full face photographic images and any comparable images; and any other unique identifying number, characteristic, or code.

(l)    "material" means documents or any other form of information submitted by any protected person; and

(m)    "final resolution" means the conclusion of this action, including all appellate proceedings, whether by judgment, settlement, or otherwise.

2.    The protections conferred by this Order cover not only Confidential material (as defined above) and Attorneys' Eyes Only material (as defined in Paragraph 5 below), but also (1) any information copied or extracted from Confidential or Attorneys' Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential or Attorneys' Eyes Only material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential or Attorneys' Eyes Only material.

3.    All production or exchange to any person of material designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Order shall be used solely for the purpose of this action (including preparation, hearings, trials, appeals and retrials), and shall not be used or disclosed outside of this action or for any other purpose, including business, governmental, commercial, or in any other

proceeding (whether judicial, administrative, or other).  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the party designating such material agrees otherwise in writing or a court order otherwise directs.

4.     Any protected person, in complying with discovery requests served upon them in this action pursuant to the Federal Rules of Civil Procedure or with informal discovery requests, may designate any material submitted in response to such discovery requests as Confidential or any other similar designation herein. Such designation shall constitute a representation to the Court that the protected person or his counsel believes in good faith that the information so designated constitutes Confidential information, as defined in Paragraph 1 of this Order.

5.     Any protected person, in complying with discovery requests served upon them in this action pursuant to the Federal Rules of Civil Procedure or with informal discovery requests, may designate any material submitted in response to such discovery requests as "Attorneys' Eyes Only," if it contains any of the following information regarding individuals that appear in the records of GHI or any client of GHI: (i) name; (ii) address; (iii) Social Security Number; (iv) information about medical treatment or diagnosis; or (v) information about medical accounts.

6.     Material designated as "Attorneys' Eyes Only" or "Confidential" may

only be disclosed to the following (i) legal counsel for a party in this action, including any paralegal, clerical, or other assistant that counsel employs and assigns to this matter; (ii) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter; (iii) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; (iv) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action; (v) stenographers engaged to transcribe and videographers engaged to videotape depositions the Parties conduct in this action; (vi) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and (vii) this Court, including any appellate court, any court support personnel, and court reports.  With respect to subsections (ii), (iii), and (iv), material designated as "Confidential" or "Attorneys' Eyes Only" may only be disclosed to such persons who have completed the Non-Disclosure Agreement attached to this Order as Exhibit A.  Material designated as "Confidential" may additionally be disclosed to a party to this action, its insurers, and counsel to its insurers. The parties reserve the right to seek modification of the terms of this section under appropriate circumstances.

7.     A protected person designating a document as Confidential (including where the document contains Protected Health Information, Confidential Health

Information, Individually Identifiable Health Information, and/or Confidential Patient Information) or Attorneys' Eyes Only, shall affix to each page of the document containing such material the legend "Confidential," or in the case of Attorneys' Eyes Only material, the legend "Confidential – Attorneys' Eyes Only." The legend shall not interfere with the legibility of any such document.

8.   A protected person designating material as Confidential or Attorneys' Eyes Only that is in a form other than a document shall specify in writing the information that is Confidential or Attorneys' Eyes Only at the time that such information is supplied.

9.   A protected person, as well as the deponent, may, on the record of a deposition, designate portions of a deposition or exhibits used therein as Confidential or Attorneys' Eyes Only pursuant to the criteria set forth in this Order.  Additionally, within 20 days of the receipt of a deposition transcript, a protected person or the deponent may designate, by page and line, portions of the transcript or exhibits thereto as Confidential or Attorneys' Eyes Only, and until such time, all parties shall treat the transcript and exhibits in their entirety as Confidential or Attorneys' Eyes Only.  If, by the end of the 20-day period, a protected person or the deponent has designated any transcript portion or exhibits as Confidential or Attorneys' Eyes Only, then thereafter such transcript portions or exhibits shall be disclosed only in accordance with this Order.  If none of the

materials is designated as Confidential or Attorneys' Eyes Only at the end of the 20-day period, then none of the transcript or exhibits shall be treated as Confidential or Attorneys' Eyes Only.

10.     The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential or Attorneys' Eyes Only material may be introduced into evidence or otherwise used at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential or Attorneys' Eyes Only material at trial or evidentiary hearing upon reasonable notice to all parties and non-parties who have produced such information.

11.     In the event that any Confidential or Attorneys' Eyes Only material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Clerk of the Court, such papers shall be filed with Confidential or Attorneys' Eyes Only information redacted and, if permitted, unredacted copies shall be filed under seal in accordance with M.D. Pa. Local Rule 5.8 and M.D. Pa. Local Criminal Rule 49.  For the avoidance of doubt, if the party filing papers under seal is not the designating party, the filing party satisfies its burden under LCrR 49(c)(2)(b) by explaining that a designating party has marked material contained in the papers as Confidential or Attorneys' Eyes Only.

12.     The inadvertent production of material without the appropriate

designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection of the Confidential or Attorneys' Eyes Only nature of any such material. Upon receiving notice from a producing protected person that Confidential or Attorneys' Eyes Only material has not been appropriately so designated, all such material shall be re-designated and treated appropriately. The party receiving such undesignated Confidential or Attorneys' Eyes Only material shall make a reasonable good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such material shall immediately be treated in conformity with any such re-designation.

13.   This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether such information is also contained in materials designated as Confidential or Attorneys' Eyes Only pursuant to this Order.

14.   Nothing in this Order shall prevent disclosure of Confidential or Attorneys' Eyes Only material with the consent of the designating protected person or counsel for the designating protected person.

15.   This Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular material is or is not Confidential or Attorneys' Eyes Only pursuant to this Order, provided that the party has complied with the procedures set forth herein. No party concedes by

entering into this stipulated Order that any material designated by any protected person as Confidential or Attorneys' Eyes Only does in fact contain or reflect trade secrets or other Confidential commercial or personal information.  In the event that a party believes that another party or other protected person has designated material as Confidential that is not entitled to such protection, that party may serve upon counsel for the designating party a written notice stating with particularity the grounds for the objection.   The parties and any affected protected person shall then discuss this contention and attempt to resolve the disagreement over the classification of the material.  If the parties and the affected protected person cannot resolve the matter within 14 days, the designating party must submit a motion to the Court for resolution.   A party or non-party may challenge the designation of confidentiality at any time that is consistent with the Court's scheduling order in this action.  In the case of material provided by a protected person who is a non-party, the party that contests the confidentiality designation shall provide reasonable notice to the non-party that the matter has been referred to the Court.  In the event that a confidentiality designation by a party is contested, the party designating the material as Confidential or Attorneys' Eyes Only shall have the burden of showing that the material is entitled to protection.

16.    The parties to this action reserve all rights to apply to the Court for any order:

(a)     modifying this Order; and/or

(b)     seeking further protection against discovery or other use of Confidential or Attorneys' Eyes Only material or information, documents, transcripts, or other material reflecting claimed Confidential or Attorneys' Eyes Only material.

17.     Any protected person requiring further confidentiality protection for any specific documentation or information beyond that provided by this Order may put all parties on notice of the need for additional protection prior to disclosure and petition the Court for a separate order governing disclosure of that specific Confidential or Attorneys' Eyes Only documentation or information.

18.     Within 90 days after the final resolution of this action, each party in possession of Confidential or Attorneys' Eyes Only materials, and any person to whom disclosure of such materials has been made pursuant to the provisions of this Order, shall return such materials to the party or other protected person that designated them, or alternatively, confirm in writing that the materials have been destroyed.   Additionally, each party shall destroy any documents containing or referring to Confidential material or Attorneys' Eyes Only material, in whatever form, stored or reproduced. Notwithstanding the foregoing, the attorneys that the Parties have specifically retained for this action may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda,

correspondence, or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only information.  Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only material remain subject to this Order.

19.    If a party or non-party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential or Attorneys' Eyes Only, that party or non-party must: (a) promptly notify in writing the designating party and provide a copy of the subpoena or court order and (b) promptly notify in writing the party who caused the subpoena or order to issue that all or some of the material covered by the subpoena or order is governed by this Order.  Upon receiving such notice, the designating party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the designating party deems it appropriate to do so.  If the designating party seeks a protective order prior to the time that compliance with the subpoena, other compulsory process, or other legal notices is required, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential or Attorneys' Eyes Only before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission.  If the designating party does not seek a protective order or other relief prior to the time

that disclosure is required by the subpoena or order, the subpoenaed party may produce responsive documents, including those designated Confidential or Attorneys' Eyes Only in this action.

20.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorney' Eyes Only material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Attorneys' Eyes Only material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as Exhibit A.

21.    Without limitation to anything to the contrary herein, in connection with Confidential Health or Patient Information:

**(A)    The parties shall not use or disclose such information for any purpose other than the action;**

and

**(B)    The parties shall return to the producing party, or destroy, such information (including all copies made) at the end of the action.**

See 45 C.F.R. § 164.512(e)(v).

22.    The parties also acknowledge that regardless of a producing party's

diligence, an inadvertent production of privileged or attorney work product documents may occur.  They therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the producing party may give written notice to the receiving party that the document is subject to a claim of privilege or work product immunity and request that document be returned to the producing party.  The receiving party shall destroy or return to the disclosing party such document, but may retain one copy for the sole purpose of challenging the claim of privilege or work product immunity.  Destruction or return of the document shall not constitute an admission or concession, or permit any inference, that such document is, in fact, properly subject to a claim of privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document is not privileged or immune or should be producible for other reasons than a waiver caused by the inadvertent production.

23.    This Order shall be binding on the parties and on all non-parties and other persons who have been provided with a copy of this Order and have agreed to be bound by its terms by signing the Non-Disclosure Agreement attached hereto as Exhibit A.  This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for purposes of enforcement by the Court of the terms of this Order. The Court

shall not be divested of the power to enforce or modify the terms of this Order as to any person or material subject to the terms of this Order by the final resolution of this action, or by the filing of a notice of appeal or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally. The Court shall retain jurisdiction to enforce the terms of this Order.

IT IS SO ORDERED.

_____
**ROBERT D. MARIANI**
**U.S. DISTRICT COURT JUDGE**

Copies furnished to:
All counsel of record

## **EXHIBIT A**

## **NON-DISCLOSURE AGREEMENT**

<u>Case Name</u>: *Steven Plavin, on behalf of himself and all others similarly situated v. Group Health Incorporated*, Case No. 3:17-cv-01462-RDM, pending in the United States District Court for the Middle District of Pennsylvania.

I, the undersigned, acknowledge that I have received and read the Agreed Protective Order Regarding Confidentiality ("Order") entered by the Court in *Steven Plavin, on behalf of himself and all others similarly situated v. Group Health Incorporated*, Case No. 3:17-cv-01462-RDM, pending in the United States District Court for the Middle District of Pennsylvania, and agree to be bound by the Order's terms. I understand that nothing in the Order shall preclude me from using or disclosing information to which I have access by other legitimate means other than through production in this action.

NAME:      _____

SIGNATURE:      _____

DATE:      _____