# Kagan Decl. Ex. 4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GROUP HEALTH INCORPORATED, <br><br> Defendant. | 3:17-cv-01462 <br> (Hon. Robert D. Mariani) |

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 5.4 of this Court's Local Civil Rules, Plaintiff Steven Plavin ("Plaintiff" or "Plavin"), by his undersigned attorneys, hereby requests that Defendant Group Health Incorporated ("Defendant" or "GHI" or "you" or "your") produce the documents described below (the "Requests" and, each, a "Request") at the offices of Susman Godfrey LLP, 1301 Avenue of the Americas, 32nd Floor, New York, New York 10019, by January 22, 2018 at 5:00 PM. These Requests are subject to the Definitions and Instructions enumerated below.

## DEFINITIONS

1. The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

1

2. The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The term "AOD" means the Assurance of Discontinuance GHI entered into with the NYAG effective September 8, 2014.

4. The term "CATASTROPHIC COVERAGE" means the coverage described in paragraphs 6, 10, 33, and 34 of the Complaint and in the Summary Program Description.

5. The term "CERTIFICATE OF INSURANCE" means the document filed by Defendant at Dkt. 31-5.

6. The term "CITY" means the City of New York.

7. The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and the statements by which such information is transmitted.

8. The term "COMPLAINT" means the complaint filed in this case, *Steven Plavin, on behalf of himself and all others similarly situated, v. Group Health Incorporated*, No. 17-cv-1462-RDM (M.D. Pa.).

9. The term "CONCERNING" means relating to, referring to, reflecting, describing, evidencing or constituting.

10. The terms "DEFENDANT," "GHI," "YOU," and "YOUR" each means Group Health Incorporated and any former or present trustees, beneficiaries, officers, directors, principals, partners, representatives, agents, attorneys, accountants, or employees thereof/its subsidiaries, agents and/or employees, persons acting on their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons.

11. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

12. The term "ENHANCED OON RIDER" means the optional out-of-network Rider that GHI offered to Insureds for an additional cost, as described in paragraph 6 of the Complaint and in the Summary Program Description.

13. The term and abbreviation "ESI" shall mean and refer to all electronically stored information, including all writings, drawings, graphs, charts, photographs, sound recordings, images, email, source code, software, databases, phone messages and records, operating systems and software applications, backup tapes, metadata, voicemail messages, text messages, instant messages, and other data or data compilations stored in any medium from which information can be

3

obtained. Any request herein for any DOCUMENT or all DOCUMENTS includes and requires production of all ESI.

14. "FEE SCHEDULE" means the "NYC Non-Participating Provider Schedule of Allowable Charges" maintained by GHI, as described in paragraph 7 of the Complaint and in the Summary Program Description.

15. The term "GHI PLAN" means the GHI Comprehensive Benefit Plan for City of New York employees and retirees, as described in paragraph 1 of the Complaint.

16. The term "INSUREDS" means City employees and retirees, and any dependents, who were enrolled in the GHI Plan at any point during the Class Period.

17. The term "INVESTIGATION" means the NYAG's investigation authorized by Article 22-A of the General Business Law and Executive Law § 63 that resulted in the AOD.

18. The term "LITIGATION" means the action entitled *Steven Plavin, on behalf of himself and all others similarly situated, v. Group Health Incorporated*, No. 17-cv-1462-RDM (M.D. Pa.).

19. The term "NYAG" means the Attorney General of the State of New York.

4

20. The term "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

21. The terms "PLAINTIFF" and "DEFENDANT" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

22. The term "Summary Program Description" means the document prepared by GHI as described in paragraphs 5, 22, 24, 31, 33, 34, and 36 of the Complaint, and filed by Plaintiff at Dkt. 13-1, including but not limited to any versions created and distributed or made available to Insureds during the Class Period and any drafts.

23. The term "Summary of Benefits & Coverage" means the document prepared by GHI as described in paragraphs 5 and 23 of the Complaint, and filed by Plaintiff at Dkt. 13-2, including but not limited to any versions created and distributed or made available to Insureds during the Class Period.

24. The terms "YOU", "YOUR", and "GHI" mean and refer to Group Health Incorporated, its subsidiaries, agents and/or employees, persons acting on

5

their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons.

## INSTRUCTIONS

1.      Unless otherwise stated in a specific request, the document requests herein seek documents that were dated, prepared, generated, or received during the time period beginning August 16, 2011 and continuing up until the date of your response to these requests, and every supplemental response.

2.      The use of the singular form of any word includes plural and vice versa.

3.      Each document request herein seeks production of each document in its entirety, without abbreviation or redaction, with all non-identical copies and drafts thereof, including any document appended to, included with, incorporated by or referred to in the document.

4.      All documents that in their original form were stapled, clipped, or otherwise attached to other documents should be produced in such form.

5.      If any responsive documents are maintained in a file, please produce the file folder or container and all labels and notations thereon along with the documents.

6.      The document requests set forth below shall be deemed to be continuing in accordance with Rule 26(e) of the Federal Rules of Civil Procedure

6

so as to require supplementation in the event that Defendant obtains or becomes aware of any additional information or documents responsive to any request herein.

7. If any of the requested documents are withheld from production (on the basis of privilege or otherwise), please provide notice of the withheld documents pursuant to Federal Rule of Civil Procedure 26(b)(5), including the asserted legal ground for withholding the document, the type of document, the nature and general subject matter of the document, the date of the document, the author of the document, the addressees and any other recipients of the document, information sufficient to identify the document, and information that will enable Plaintiff to assess the claim of privilege or protection. If a document has been redacted or altered in any fashion, identify the reason for the redaction or alteration and the date of the redaction or alteration.

8. Pursuant to Federal Rule of Civil Procedure 34, all documents are to be produced as they are kept in the usual course of business or should be organized and labeled to correspond to the requests herein. All documents should be given a unique number, for example a "Bates" label or similar identifying mark. If there are no documents responsive to a specific request, the response thereto shall so state in writing.

9. Gaps: Productions should contain sequential bates numbers with no gaps. There should be no gaps in bates numbers between productions. A unique production volume number will be used for each production. If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

10. Electronically Stored Information ("ESI") – as referenced in paragraph 12 above and which is included within the definition of DOCUMENT – must be provided in a form that includes all data in native format (the format in which it was originally created) and metadata (and all fields of metadata) and states the computer hardware and software programs needed to translate the information into readable and searchable form. All ESI should have a unique file name and should be named with the Bates number assigned to it. In addition, all ESI produced in response to this request must also be provided as single-page TIFFs, in Group IV format with page breaks at document end, and each TIFF should be named with a Bates number assigned to it, and provided standard Concordance load files "Dat and OPT". Document level OCR shall be provided as a separate text file named per the Corresponding Bates number. The load files must include the following metadata fields in the load file: MD5hash value; conversation index; title/subject; to; author/from; cc; bcc; date sent; date received; time received; time sent; date created; last date modified; attachment or file name; beginning

attachment; end attachment; document page count; document type; custodian; duplicate custodian; file extension; file name; original file path; application. The production time zone for all ESI must be in Eastern Time Zone.

  11. Non-Convertible Files: Certain types of files such as system, program, video and sound files may not be amenable to conversion into anything meaningful in TIFF format. Responsive, non-convertible files will be produced in the form of a placeholder TIFF image. Some examples of file types that may not convert include file types with the following extensions: *.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd * Other files may not be able to be converted to TIFF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF images of these files are unsuccessful, these non-convertible files will also be accounted for with a TIFF placeholder. Non-convertible files will be produced in the form of a placeholder TIFF image. Each TIFF placeholder will contain the endorsed bates number, endorsed confidentiality designation and the name of the non-convertible file, including the file extension.

12. If, in responding to the requests, you encounter any ambiguities when construing a request or definition, your response shall set forth the matter deemed ambiguous and the construction used in responding.

## DOCUMENT REQUESTS

1. All documents relating to the NYAG's Investigation of out-of-network reimbursement practices for the GHI Plan, as described in the AOD, including but not limited to all documents produced to the NYAG and all correspondence with the NYAG.

2. Documents sufficient to show the number of Insureds at all times during the Class Period.

3. For each out-of-network claim submitted by or on behalf of Insureds during the Class Period, documents sufficient to show:

    a. The amount of reimbursement and/or payment sought;

    b. The date on which the claim was submitted;

    c. The amount reimbursed and/or paid by GHI;

    d. The date(s) of such reimbursements and/or payments;

    e. The date(s) that the insured was notified of GHI's final decision regarding the amount of reimbursement; and

    f. To the extent a claim was denied, date of final denial and reasons for denial.

4. Documents sufficient to show the amounts collected by GHI from premium payments made by the City to GHI on Insureds' behalf and dates received.

5. Documents sufficient to show all payments made by Insureds for the Enhanced OON Rider and dates GHI received such payments.

6. Documents sufficient to show GHI's profits from the GHI Plan, including but not limited to profits from premium payments and Enhanced OON Rider payments.

7. All documents concerning the marketing of the GHI Plan to Insureds, including but not limited to all versions and drafts of the Summary Program Description or Summary of Benefits & Coverage.

8. All documents concerning the marketing of the Enhanced OON Rider to Insureds, including but not limited to the Summary Program Description and Summary of Benefits & Coverage.

9. All documents concerning the Catastrophic Coverage "benefit."

10. All documents concerning Plavin and/or his dependents, including but not limited to all communications with or about Plavin and/or his dependents, or any employee, agent or representative of Plavin or his dependents.

11. Documents concerning or reflecting complaints about GHI's reimbursement of out-of-network claims.

11

12. All documents concerning requests for the Certificate of Insurance or policy terms for the GHI Plan.

13. All documents concerning or reflecting any communications with any person, including but not limited to Insureds and/or the City, concerning the Fee Schedule.

14. From 1983 to the present, all documents reflecting or relating to changes to the Fee Schedule.

15. All documents concerning or reflecting any communications with any person, including but not limited to Insureds and/or the City, regarding the availability and/or location of the Fee Schedule.

16. All documents concerning any past, present, or potential future lawsuits concerning GHI's out-of-network reimbursement practices.

17. All documents you received, whether via a Freedom of Information Law or other open-records request, a subpoena, voluntary production, or otherwise, from any source concerning Plavin or the Litigation.

18. All documents concerning GHI's remedial practices in connection with the NYAG's investigation and/or the AOD, including but not limited to changes to GHI's marketing materials such as the Summary Plan Description and the Summary of Benefits & Coverage, and the establishment of a victim compensation fund.

5500478v1/015547

19. All documents supporting, contradicting, or otherwise relating to your affirmative defenses.

Dated: December 20, 2017

/s/ *Halley W. Josephs*
William Christopher Carmody (*Pro Hac Vice*)
(NY4539276)
Arun Subramanian (*Pro Hac Vice*)
(NY4611869)
Halley W. Josephs (*Pro Hac Vice*)
(NY5348214)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Tel.: 212-336-8330
Fax: 212-336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
hjosephs@susmangodfrey.com

Steve Cohen (*Pro Hac Vice*)
(NY5159587)
15 Broad St., Suite 2412
New York, NY 10005
Tel.: (212) 255-4944
Steve.Cohen@SteveCohenEsq.com

J. Timothy Hinton, Jr., Esq. (PA ID 61981)
Michael F. Cosgrove, Esq. (PA ID 47349)
HAGGERTY HINTON & COSGROVE LLP
203 Franklin Avenue
Scranton, PA 18503
Tel: (570) 344-9845
timhinton@haggertylaw.net
mikecosgrove@haggertylaw.net

*Attorneys for Plaintiff and the Class*

13

5500478v1/015547

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>Defendant. | 3:17-cv-01462<br>(Hon. Robert D. Mariani) |

I, Halley W. Josephs, declare:

1. I am over eighteen years of age, I am not a party to this action, and I am an associate with the law firm of Susman Godfrey L.L.P., in the New York, New York office.

2. My business address is 1301 Avenues of the Americas, 32nd Floor, New York, New York 10019.

3. On December 20, 2017, I served a copy of Plaintiff's First Set of Requests for Production via email upon the following persons:

**DEBEVOISE & PLIMPTON LLP**
919 Third Ave.
New York, NY 10022
(212) 909-6000
John Gleeson
jgleeson@debevoise.com
Maura K. Monaghan
mmonaghan@debevoise.com
Eric W. Shannon
eshannon@debevoise.com

**LeVan LAW GROUP LLC**
One Logan Square – 27th Floor
18th & Cherry Streets
Philadelphia, PA 19103
(215) 561-1500
Peter H. LeVan, Jr.
plevan@levanlawgroup.com

Jared I. Kagan
jkagan@debevoise.com

*Attorneys for Defendant, Group Health Incorporated*

I declare under penalty of perjury that the foregoing is true and correct.
Dated: December 20, 2017, at New York, New York.

*/s/ Halley W. Josephs*

15