# Kagan Decl. Ex. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>Defendant. | C.A. No. 3:17-CV-01462<br>(Hon. Robert D. Mariani)<br><br>**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on May 20, 2022, or on a date convenient for the parties, counsel for Plaintiffs will take the deposition(s) of the designated representative(s) of Defendant Group Health Incorporated ("GHI"), able to testify fully as to the topics listed in Exhibit 1. The deposition(s) will be taken before a duly qualified notary public or other officer authorized by law to administer oaths. The deposition will be recorded by video and stenographic means. The deposition may be used to preserve testimony for trial, to obtain discovery, and for any other purpose authorized by the Federal Rules of Civil Procedure.

Defendant GHI shall provide a written designation of the name(s) and position(s) of the one or more officers, directors, or managing agents, or other person(s) who will be produced to testify on Defendant's behalf concerning the topics and matters set forth in Exhibit 1. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by Defendant should be prepared to testify to such matters known or reasonably available to Defendant as set forth in Exhibit 1.

1

Dated: March 25, 2022

                                                                                        */s/ Nicholas C. Carullo*

William Christopher Carmody (*Pro Hac Vice*) (NY4539276)
Arun Subramanian (*Pro Hac Vice*) (NY4611869)
Nicholas C. Carullo (*Pro Hac Vice*) (NY5598578)
Ryan Kirkpatrick (*Pro Hac Vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Tel.: 212-336-8330
Fax: 212-336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
ncarullo@susmangodfrey.com

Halley W. Josephs (*Pro Hac Vice*) (NY5348214)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: 310-789-3100
Fax: 310-789-3150
hjosephs@susmangodfrey.com

Steve Cohen (*Pro Hac Vice*) (NY5159587)
60 Broad St. 24th Fl.
New York, NY 10004
Tel.: (212) 37-5361
scohen@pollockcohen.com

J. Timothy Hinton, Jr., Esq. (PA ID 61981)
Michael F. Cosgrove, Esq. (PA ID 47349)
HAGGERTY HINTON & COSGROVE LLP
203 Franklin Avenue
Scranton, PA 18503
Tel: (570) 344-9845
timhinton@haggertylaw.net

2

**Exhibit 1**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions apply to the topics below:

1. The terms "Defendant", "You", "Your", and "GHI" shall mean defendant Group Health Incorporated and its subsidiaries, affiliates, divisions, successors or assignees, and their respective directors, employees, consultants, representatives and agents.

2. "Class Period" means any time from 2011 to 2015.

3. "Enhanced OON Rider" means the optional out-of-network Rider that GHI offered to insureds for an additional cost, as described in the Summary Program Description.

4. "GHI Plan" means the GHI Comprehensive Benefit Plan for City of New York employees and retirees.

5. The "Schedule" means the NYC Non-Participating Provider Schedule of Allowable Charges.

## TOPICS

1. Communications with the New York Department of Financial Services or the New York Attorney General during the Class Period regarding coverage under plans offered by GHI, including, but not limited to, communications regarding inquiries about out-of-network claims and coverage under the GHI Plan.

2. The 2014 Assurance of Discontinuance entered into by GHI, including, but not limited to, the investigation by the New York Attorney General that led to the Assurance of Discontinuance and GHI's response to that investigation.

3. GHI's organizational structure, including, but not limited to:

    a) The identity of the departments and personnel within GHI who were responsible for negotiating with the City of New York regarding the GHI Plan.

    b) The identity of the departments and personnel within GHI who were responsible for drafting, finalizing, and submitting the Summary Program Description and Summary of Benefits & Coverage for each year during the Class Period, including the process by which GHI recommends to the City of New York that information be included in the Summary Program Description and Summary of Benefits & Coverage.

    c) The identity of the departments and personnel within GHI who were responsible for implementing the changes to the Summary Program Description, Summary of Benefits & Coverage, GHI website, and GHI customer service procedures following the 2014 Assurance of Discontinuance.

4. GHI's process for drafting the Summary Program Description and Summary of Benefits & Coverage for each year during the Class Period, including, but not limited to, the process by which GHI recommends to the City of New York that information be included in the Summary Program Description and Summary of Benefits & Coverage.

5. GHI's marketing of the GHI Plan to New York City employees and retirees, including, but not limited to, the process by which GHI drafts any printed materials sent to New York City employees and the final versions of marketing materials available during the Class

4

Period.

6. GHI's communications with prospective and existing insureds, including, but not limited to:

    a) Communications regarding coverage under the GHI Plan.

    b) Complaints by insureds regarding coverage under the GHI Plan.

7. The Schedule, including, but not limited to:

    a) The process by which GHI created or assisted in creating the Schedule, including, but not limited to, any coordination with the City of New York in creating the Schedule.

    b) The process by which changes are made to the Schedule, including, but not limited to, any coordination with the City of New York in changing the Schedule and any changes that have been made to the Schedule since 1983.

8. The GHI Plan, including, but not limited to:

    a) The process by which GHI determines the amount of reimbursement for a given claim under the GHI Plan.

    b) The process by which GHI reimburses insureds for claims under the GHI Plan.

    c) The benefits and coverage of the GHI Plan, including, but not limited to, the GHI Plan's reimbursement of out-of-network claims, the Enhanced OON Rider, and the Catastrophic Coverage benefit.

9. The availability of the GHI Plan's Certificate of Insurance and the Schedule to insureds.

10. Financial aspects of the GHI Plan, including, but not limited to:

    a) Any financial benefit received by GHI from the City of New York for offering and administering the GHI Plan, including, but not limited to, financial benefits received by GHI for offering the Enhanced OON Rider.

    b) Premiums collected per individual and family for the standard GHI Plan and the Enhanced OON Rider for each year during the Class Period.

    c) The Statements of Experience relating to the GHI Plan during the Class Period.

    d) The cost per individual and family for the Enhanced OON Rider for each year during the Class Period.

  11. The number and identities of GHI Plan insureds who paid for the Enhanced OON Rider and did not receive any enhanced payments for any claims under the Enhanced OON Rider for each year during the Class Period.

  12. GHI's record-keeping practices regarding the number and identity of insureds enrolled in the GHI Plan, those insureds' contact information, claims submitted by those insureds, amounts allowed for claims submitted by those insureds, and whether those insureds selected the Enhanced OON Rider.

  13. The content of Exhibit A to GHI's Responses and Objections to Plaintiffs' Interrogatory No. 3, including, but not limited to, the meaning of the headers and the data reflected in the spreadsheet.

  14. The content of GHI000091898, including, but not limited to, the meaning of the headers and the data reflected in the spreadsheet.

  15. The content of GHI000091906, including, but not limited to, the meaning of the headers and the data reflected in the spreadsheet.

  16. GHI's Responses and Objections to Plaintiffs' discovery requests served during the course of this litigation, including, but not limited to, all supplements thereto.

  17. GHI's document and data preservation policies from 2011 to the present.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>Defendant. | 3:17-cv-01462<br>(Hon. Robert D. Mariani) |

I, Nicholas C. Carullo, declare:

    1.    I am over eighteen years of age, I am not a party to this action, and I am an associate with the law firm of Susman Godfrey L.L.P., in the New York, New York office.

    2.    My business address is 1301 Avenue of the Americas, 32nd Floor, New York, NY 10019.

    3.    On March 25, 2022, I served a certified copy of the foregoing via email upon counsel of record for Defendant as follows:

| | |
|---|---|
| **DEBEVOISE & PLIMPTON LLP**<br>919 Third Ave.<br>New York, NY 10022<br>(212) 909-6000<br>John Gleeson<br>jgleeson@debevoise.com<br>Maura K. Monaghan<br>mkmonaghan@debevoise.com<br>Jared I. Kagan<br>jikagan@debevoise.com<br>Justin C. Ferrone<br>jcferrone@debevoise.com | **LEVAN LAWGROUP LLC**<br>One Logan Square – 27th Floor<br>18th & Cherry Streets<br>Philadelphia, PA 19103<br>(215) 561-1500<br>Peter H. LeVan, Jr.<br>plevan@levanlawgroup.com |

7

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 25, 2022 at New York, New York.

/s/ Nicholas C. Carullo