# Kagan Decl. Ex. 10

| | |
|---|---|
| **From:** | Nick Carullo <NCarullo@susmangodfrey.com> |
| **Sent:** | Wednesday, July 20, 2022 4:17 PM |
| **To:** | Kagan, Jared I.; Ferrone, Justin C.; 'Peter (Tad) LeVan'; Gleeson, John; Monaghan, Maura Kathleen; Saunders, Adam C. |
| **Cc:** | Bill Carmody; Steven M. Shepard; Rodney Polanco; Evan Henke; 'timhinton@haggertylaw.net'; 'mikecosgrove@haggertylaw.net' |
| **Subject:** | RE: Plavin v. GHI - Pls.' Supp. ROG Responses |
| **Attachments:** | 2022-07-20 GHI - Pls' (Verified) Amended ROs to 2d Set of ROGs.pdf |

Counsel,

Please see the attached.

- Nick Carullo

**From:** Kagan, Jared I. <jikagan@debevoise.com>
**Sent:** Wednesday, July 20, 2022 9:48 AM
**To:** Nick Carullo <NCarullo@susmangodfrey.com>; Ferrone, Justin C. <jcferrone@debevoise.com>; 'Peter (Tad) LeVan' <plevan@levanmuhic.com>; Gleeson, John <jgleeson@debevoise.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Saunders, Adam C. <asaunders@debevoise.com>
**Cc:** Bill Carmody <bcarmody@SusmanGodfrey.com>; Steven M. Shepard <SShepard@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Evan Henke <EHenke@susmangodfrey.com>; 'timhinton@haggertylaw.net' <timhinton@haggertylaw.net>; 'mikecosgrove@haggertylaw.net' <mikecosgrove@haggertylaw.net>
**Subject:** RE: Plavin v. GHI - Pls.' Supp. ROG Responses

EXTERNAL Email
Nick – Please provide a response on the below.

**Jared I. Kagan** (he/him/his) | Counsel | Debevoise & Plimpton LLP | jikagan@debevoise.com | +1 212 909 6598 | 919 Third Avenue, New York, NY 10022 | www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Kagan, Jared I.
**Sent:** Friday, July 15, 2022 15:56
**To:** 'Nick Carullo'; Ferrone, Justin C.; 'Peter (Tad) LeVan'; Gleeson, John; Monaghan, Maura Kathleen; Saunders, Adam C.
**Cc:** Bill Carmody; Steven M. Shepard; Rodney Polanco; Evan Henke; 'timhinton@haggertylaw.net'; 'mikecosgrove@haggertylaw.net'
**Subject:** RE: Plavin v. GHI - Pls.' Supp. ROG Responses

Nick – Who is making and signing these answers pursuant to Fed. R. Civ. P. 33(b)(3) and (b)(5)?

**Jared I. Kagan** (he/him/his) | Counsel | Debevoise & Plimpton LLP | jikagan@debevoise.com | +1 212 909 6598 | 919 Third Avenue, New York, NY 10022 | www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** Nick Carullo [mailto:NCarullo@susmangodfrey.com]
**Sent:** Friday, July 15, 2022 15:48
**To:** Ferrone, Justin C.; Kagan, Jared I.; 'Peter (Tad) LeVan'; Gleeson, John; Monaghan, Maura Kathleen; Saunders, Adam C.
**Cc:** Bill Carmody; Steven M. Shepard; Rodney Polanco; Evan Henke; 'timhinton@haggertylaw.net'; 'mikecosgrove@haggertylaw.net'
**Subject:** RE: Plavin v. GHI - Pls.' Supp. ROG Responses

Counsel,

Please see the attached.

- Nick Carullo

---

**From:** Nick Carullo
**Sent:** Friday, June 24, 2022 7:14 PM
**To:** Ferrone, Justin C. <jcferrone@debevoise.com>; Kagan, Jared I. <jikagan@debevoise.com>; 'Peter (Tad) LeVan' <plevan@levanmuhic.com>; Kagan, Jared I. <jikagan@debevoise.com>; Gleeson, John <jgleeson@debevoise.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Saunders, Adam C. <asaunders@debevoise.com>; Maroun, Patrick <pgmaroun@debevoise.com>
**Cc:** Bill Carmody <bcarmody@SusmanGodfrey.com>; Arun Subramanian <asubramanian@SusmanGodfrey.com>; Ryan Kirkpatrick <RKirkpatrick@susmangodfrey.com>; Halley Josephs <HJosephs@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Evan Henke <EHenke@susmangodfrey.com>; 'timhinton@haggertylaw.net' <timhinton@haggertylaw.net>; 'mikecosgrove@haggertylaw.net' <mikecosgrove@haggertylaw.net>
**Subject:** Plavin v. GHI - Pls.' Supp. ROG Responses

Counsel,

Please see the attached.

Best,

Nick Carullo
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
(212) 729-2026

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>Defendant. | C.A. No. 3:17-CV-01462<br>(Hon. Robert D. Mariani) |

**PLAINTIFFS' OBJECTIONS
AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Steven Plavin, Gary Altman, Michelle Davis-Matlock, and Danielle Thomas ("Plaintiffs") provide their objections and responses to the Second Set of Interrogatories from Defendant Group Health Incorporate ("Defendant" or "GHI"). Plaintiffs reserve the right to amend or supplement these responses should additional or different information become known to them, whether through discovery, further investigation, or otherwise.

**OBJECTIONS TO DEFENDANT'S DEFINITIONS**

1. Plaintiffs object that Defendant's definitions of "You" and "Your" are vague, overbroad, and call for an unduly burdensome response that would be disproportionate to the needs of the case, to the extent the definitions include "all past or present, agents, representatives or persons acting or purporting to act on behalf of" Plaintiffs to the extent these definitions include Plaintiffs' attorneys, and to the extent they call upon Plaintiffs' attorneys to produce documents subject to the attorney-client privilege, work-product protection, common-interest doctrine, spousal privilege, or any other applicable privilege, and to the extent they were obtained by counsel in a capacity other than as Plaintiffs' counsel. Plaintiffs will construe these terms such that the

1

requests incorporating these terms seek only documents that are neither privileged nor protected by the work product or common interest doctrines, and are in the control of Plaintiffs, their agents or representatives in their capacity as their representative in relation to this matter, *Plavin et al. v. Group Health Incorporated*, No. 17-1462 (M.D. Pa.). Plaintiffs will respond on their own behalf, and Plaintiffs will not respond on behalf of "any and all Dependents".

2. Plaintiffs object that Defendant's definition of "Contact Information" is overbroad and unduly burdensome as it includes information beyond what is necessary for GHI to contact the individuals identified.

3. Plaintiffs object that Defendant's definition of "Insured Period" is overbroad and unduly burdensome as it includes a more than 33-year period.

4. Plaintiffs object that Defendant's definition of "Communication" calls for information that is not reasonably accessible to Plaintiffs, in the form of "oral" or "face-to-face" communications.

5. Plaintiffs object that Defendant's definition of "Solicit", "Soliciting", or "Solicitation" is vague and ambiguous.

### OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

6. Plaintiffs objects to Instruction No. 2 to the extent it calls upon Plaintiffs to provide communications subject to the attorney-client privilege, work-product protection, common-interest doctrine, spousal privilege, or any other applicable privilege, and to the extent they were obtained by counsel in a capacity other than as Plaintiffs' counsel. Plaintiffs will construe the terms "You," "Your," and "Your representatives" such that the requests incorporating these terms seek only information that is neither privileged nor protected by the work product or common interest doctrines, and are in the control of Plaintiffs, their agents or representatives in their capacity as their representative in relation to this matter, *Plavin et al. v. Group Health Incorporated*, No. 17-

2

1462 (M.D. Pa.).

7. Plaintiffs object to Instruction No. 3 to the extent it calls for information nonresponsive to each specific Interrogatory (*e.g.* "location").

8. Plaintiffs object to Instruction No. 5 to the extent it calls for Plaintiffs to identify "Contact Information" for a place, which is nonresponsive to each specific Interrogatory.

9. Plaintiffs object to Instruction No. 6 to the extent it requires more than required under Fed. R. Civ. P. 26(b)(5) and applicable local rules.

10. Plaintiffs object to Instruction No. 7 to the extent it requires Plaintiffs to "assume" what Defendant means by ambiguously worded Interrogatories. Plaintiffs will not guess what Defendant seeks by Interrogatories that are ambiguously worded, but instead will lodge an objection on the ground of ambiguity.

11. Plaintiffs object to Instruction No. 20 as overbroad and overly burdensome because it involves an 18-year time period.

## **GENERAL OBJECTIONS**

1. The following general objections are incorporated in Plaintiffs' responses to the Interrogatories. No response to any Interrogatory or any subpart of any Interrogatory is, or shall be deemed to be, a waiver of any of Plaintiffs' General Objections.

2. Plaintiffs object to the Interrogatories to the extent that they attempt to impose obligations on Plaintiffs beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Middle District of Pennsylvania, or any applicable order of the Court.

3. Plaintiffs object to the Interrogatories to the extent that they use or contain words or phrases that are vague and/or ambiguous.

4. Plaintiffs object to the Interrogatories to the extent they are overly burdensome, including due to the availability of other discovery devices, such as depositions or Requests for

3

Production, that are more efficient, more convenient, and less expensive.

5. Plaintiffs object to the Interrogatories to the extent they seek information that is already or exclusively in Defendant's possession, custody, or control.

6. Plaintiffs object to the Interrogatories to the extent that they seek the disclosure of information that is not within the scope of Federal Rule of Civil Procedure 26, relevant, material or necessary to this action, and not likely to lead to the discovery of admissible evidence.

7. Plaintiffs object to the Interrogatories to the extent they seek information not in Plaintiffs' possession, custody or control. In responding, Plaintiffs will not attempt to provide information that is unavailable or outside of Plaintiffs' possession.

8. Plaintiffs object to the Interrogatories insofar as they seek the disclosure of private, personal, or confidential information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others. To the extent that Plaintiffs agree to disclose information in response to the Interrogatories, such disclosure shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

9. Plaintiffs object to the Interrogatories to the extent that they are unreasonably cumulative, duplicative, or redundant.

10. In responding to these Interrogatories, Plaintiffs do not waive or intend to waive their right to object to the admission of any answer in evidence at any proceeding, hearing or trial. They reserve the right to object on all grounds to the introduction of any evidence covered or referred to in the responses below. Plaintiffs' responses are not intended to constitute an admission that any matters inquired into or any responses provided are in any way relevant to any issue in this litigation or that Plaintiffs in any way agree with any of Defendant's characterizations of any facts, circumstances, and/or legal obligations.

11. Plaintiffs object to the Interrogatories to the extent that they call for the disclosure of information prepared in anticipation of litigation, that constitutes or reflects attorney work-product, that contains privileged attorney-client communications, or that are otherwise protected from disclosure under applicable privileges, laws, or rules, including the doctor-patient and

4

psychotherapist patient privileges. Any inadvertent production of such information shall not be deemed a waiver of the applicable privilege or protection, and Plaintiffs reserve the right to demand the return of any such privileged material and all copies thereof.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 10**:

Identify all Persons You or Your counsel Solicited, or attempted to Solicit, to join this Lawsuit either as a plaintiff, class representative or potential class member and describe in detail the nature of those interactions.

**PLAINTIFFS' AMENDED RESPONSE:**

Plaintiffs object to this interrogatory as seeking information not relevant to any of the issues in this case and thus not proportional to the needs of the case. Plaintiffs also object to this interrogatory as vague and ambiguous as to "Solicit" and "Solicited". Plaintiffs further object to this interrogatory as overbroad and unduly burdensome, both because of the vague definition of the term "Solicit" and because it calls for the Plaintiffs to identify all Persons their counsel "attempted to solicit", whatever that means. And Plaintiffs object to this interrogatory to the extent it seeks information covered by attorney-client or work product privilege.

Subject to the foregoing objections, Plaintiffs answer as follows: None

**INTERROGATORY NO. 11:**

Identify all Persons with whom Your counsel discussed this Lawsuit and describe the contents of those discussions including, by way of example only, any factual information such Persons provided that supports or refutes Your allegations, or the reasons such Persons did not become a named plaintiff or class representative.

**RESPONSE**:

Plaintiffs object to this interrogatory as seeking information not relevant to any of the issues in this case and thus not proportional to the needs of the case, as well as overbroad and unduly

5

burdensome. Plaintiffs further object to this interrogatory to the extent it seeks information covered by attorney-client or work product privilege, including Plaintiffs' counsel's discussion with potential clients, to the extent any occurred.

**PLAINTIFFS' AMENDED RESPONSE TO INTERROGATORY 11**

Pursuant to the Court's June 3, 2022 Order, Plaintiffs further respond as follows. For the avoidance of doubt, Plaintiffs here identify "all persons who are clients or prospective clients of Plaintiffs' counsel in this action," with whom counsel communicated regarding this lawsuit, consistent with the Court's Order and GHI's representations to the Court in briefing regarding this Interrogatory. *See* June 3 Order, at 19; April 5, 2022 Letter by GHI, ECF No. 95, at 2 ("These Interrogatories request the identification of any Persons that the named Plaintiffs or their counsel solicited to join this lawsuit…."). The Court denied the motion insofar as GHI sought to compel Plaintiffs to describe the contents of their counsel's discussions with these persons. *See* June 3 Memorandum Opinion at 20 ("GHI is not entitled to the communications engaged in by Plaintiffs' counsel"). The persons are:

- A.Suzette Sykes
- Adam Golden
- Adam Wodzinski
- Alan Berkowitz.
- Alexis Watson
- Alice Hamlet
- Andrew Liakos
- John Gaine
- Ann Zaino
- Anthony Karam
- Anthony Trocchio
- Ariella Kami Barker
- Arnold Fisher
- Audrey Stillman
- Bart Mangiapanella
- Bill Batz
- Bill Carolson

6

- Bob Cohen
- Bob Young
- Brian Gennis
- Bruce Newman
- C. Jankowski
- Candido Rodriguez
- Charles Haver
- Charles Rice
- Chris Green
- Christa Mazzie
- Christine Schiavone
- Christopher Lundberg
- Clinton Carrie
- Connie Timmons
- Crystal Screen
- Dana Garofalo
- Danielle Thomas
- Dave Cherry
- Denise Chimienti.
- E. Ferb
- Ed Cancro
- Edward Metz
- Ellen Donovan
- Encarnacion Castro
- Eric Golub
- Tina Farino
- Francisco Velez
- Frank Demasi
- Frank Capogrosso
- Frank Gramarossa
- Gary Altman
- Gary Bivens
- Gary Poggiali
- George McCarthy
- Gerald Gajdusek
- Gerald Napoli
- Gladys Scott
- Harvey Katowitz
- Ian Nadel
- J. Valentin
- Jack Cambria
- Jack Coughlin
- James Cuesta
- James Kirwin

7

- James Rallis
- Jeffrey Price
- Jeffrey S. Price
- Jen Steo
- Jerry Castro
- Jerry Lipson
- Jim Kennedy
- Jim McNulty
- Jim Miller
- Jimmy Sabater Jr
- Joan Davis
- Jo-Ann Francis
- Joe Delfino
- Joe Green
- Joe Vincent
- John Houston
- John Meyer
- John Nash
- John Perez
- John Schulken
- John Sochacki
- Jonas Frankel
- Joseph Brousseau
- Karen Piper
- Karyn Smith
- Kathleen Donadio
- Kathleen Keohane
- Kelly O'Rourke
- Ken Shaffer
- Kevin Lange
- Kevin Serpico
- Les Morgenstein
- Lisa Jaawani
- Lisa Kissane
- Liz Aylward
- Lois Dziedzic
- Loretta Smith
- Lori Doherty
- Louis Devirgilio
- Louis Lombardi
- Madeline Salerno
- Marguerite Lapp
- Mark Giannini
- Maxine Casabore

8

- Michele Diesman Mason
- Mel Ladner
- Melanie Carlson
- Mercedes Fabregas
- Michael Arudi
- Michael Cohn
- Michael Everette
- Michael Fanning
- Michael Grant
- Michael Kelly
- Michael LaRue
- Michael Panzera
- Michael Patterson
- Michael Sweeney
- Michele Stromer
- Michelle Davis-Matlock
- Mike Conover
- Mike Healy
- Mike Sanders
- Mitch Bloch
- Nedra Ray-Lombardo
- Nicholas Estavillo
- Nick Pilouras
- Penny Gary
- Pete Badagliacca
- Peter Billitteri
- Peter Gonzalez
- Ramona Medrano
- Richard Bohn
- Robert Albertson
- Robert Conlin
- Robert Dreesler
- Robert Foley
- Robert Hart
- Robert Maresco
- Robert Young
- Ron Fuchsberg
- Rose Wright
- Russell Meinken
- Savino Joseph
- Scott Johnson.
- Sean Conlon
- Seldine Kamara
- Sil Rocchio

9

- Stephen Cantone
- Steve Halloran
- Steven Brooks
- Steven Farkas
- Steven Plavin
- Steven O'Brien
- Stuart Levine
- Susan Newman
- Terry Ohayon
- Thomas Pilkington
- Thomas Reilly
- Tom Beatty
- Tom McCormack
- Tony Daidone
- Valerie Sabato
- Vanessa Pinello
- Vincent A Esposito
- William Bastone
- William McKechnie
- Yvonne Mair

Dated: July 15, 2022

/s/ Nicholas C. Carullo
William Christopher Carmody (*Pro Hac Vice*) (NY4539276)
Steven Shepherd (*Pro Hac Vice*)
Nicholas C. Carullo (*Pro Hac Vice*) (NY5598578)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019-6023
Tel.: 212-336-8330
Fax: 212-336-8340
bcarmody@susmangodfrey.com
sshepherd@susmangodfrey.com
ncarullo@susmangodfrey.com

Halley W. Josephs (*Pro Hac Vice*) (NY5348214)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: 310-789-3100
Fax: 310-789-3150
hjosephs@susmangodfrey.com

10

Steve Cohen (*Pro Hac Vice*)
(NY5159587)
60 Broad St. 24th Fl.
New York, NY 10004
Tel.: (212) 37-5361
scohen@pollockcohen.com

J. Timothy Hinton, Jr., Esq. (PA ID 61981)
Michael F. Cosgrove, Esq. (PA ID 47349)
HAGGERTY HINTON & COSGROVE LLP
203 Franklin Avenue
Scranton, PA 18503
Tel: (570) 344-9845
timhinton@haggertylaw.net

*Attorneys for Plaintiffs*

11

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>Defendant. | 3:17-cv-01462<br>(Hon. Robert D. Mariani) |

I, Steve Cohen, declare:

1. I have read the answers provided in the foregoing Plaintiffs' Objections and Responses to Defendant's Second Set of Interrogatories, the contents of which are true to the best of my knowledge information and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2022 at New York, New York.

/s/ [signature]

10746783v1/015547

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PLAVIN, GARY ALTMAN, MICHELLE DAVIS-MATLOCK, and DANIELLE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP HEALTH INCORPORATED,<br><br>Defendant. | 3:17-cv-01462<br>(Hon. Robert D. Mariani) |

I, Nicholas C. Carullo, declare:

    1.    I am over eighteen years of age, I am not a party to this action, and I am an associate with the law firm of Susman Godfrey L.L.P., in the New York, New York office.

    2.    My business address is 1301 Avenue of the Americas, 32nd Floor, New York, NY 10019.

    3.    On July 15, 2022, I served a certified copy of the foregoing via email upon counsel of record for Defendant as follows:

| | |
|---|---|
| **DEBEVOISE & PLIMPTON LLP**<br>919 Third Ave.<br>New York, NY 10022<br>(212) 909-6000<br>John Gleeson<br>jgleeson@debevoise.com<br>Maura K. Monaghan<br>mkmonaghan@debevoise.com<br>Jared I. Kagan<br>jikagan@debevoise.com<br>Justin C. Ferrone<br>jcferrone@debevoise.com | **LEVAN LAWGROUP LLC**<br>One Logan Square – 27th Floor<br>18th & Cherry Streets<br>Philadelphia, PA 19103<br>(215) 561-1500<br>Peter H. LeVan, Jr.<br>plevan@levanlawgroup.com |

12

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2022 at New York, New York.

*/s/ Nicholas C. Carullo*