# Kagan Decl. Ex. 18

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN PLAVIN, on behalf of himself :
and all others similarly situated, *et al.* :

      Plaintiff,

v.                               3:17-CV-1462
                               (JUDGE MARIANI)
GROUP HEALTH INCORPORATED,

      Defendant.

## ORDER

**AND NOW, THIS 31ST DAY OF MARCH, 2022,** the parties having informed the Court of a dispute with respect to all Plaintiffs' responses to GHI's Interrogatories 5-9 and with respect to Plaintiff Plavin's responses to GHI's Interrogatories 2-4 (*see* Docs. 83, 85), and upon receipt of GHI's Interrogatories and Plaintiffs' responses thereto (Doc. 93), **IT IS HEREBY ORDERED THAT:**

1. Interrogatory 2 is overbroad but not vague or ambiguous. Plaintiff Plavin properly interprets the Interrogatory as requiring him to identify persons with whom he consulted in deciding whether to enroll or re-enroll in the GHI Plan during the Insured Period. However, Plaintiff's response requires supplementation. Plaintiff must identify the "representatives from GHI, and representatives from the New York Police Department" with whom he consulted in his decision to enroll or re-enroll in the GHI Plan.

2. Interrogatory 3 is overbroad but not vague or ambiguous. Plaintiff Plavin properly interprets the Interrogatory as requiring him to identify persons with whom he consulted in deciding whether to purchase the Enhanced OON Rider during the Insured Period. However, Plaintiff's response requires supplementation. Plaintiff must identify the "representatives from GHI, and representatives from the New York Police Department" with whom he consulted in his decision to purchase the Enhanced OON Rider.

3. Interrogatory 4 is not unduly burdensome but is overbroad. To the extent that the interrogatory is construed as requesting any information subject to the attorney-client privilege, work product, or any other applicable privilege, Plaintiff shall not be required to provide the identity of persons with whom Plaintiff discussed this lawsuit where such discussions are subject to any applicable privilege as stated above. In all other respects, the Court finds Plaintiff's response to be adequate.

4. Interrogatory 5 is not an inappropriate contention interrogatory and, because it does not seek a response as to the legal or contractual theory or basis on which the Plaintiffs' belief is based, it is not in fact a contention interrogatory. Nor does the interrogatory require expert opinion or a legal conclusion. The interrogatory simply requests that Plaintiff's personal belief as to those out-of-pocket expenses as to which Plaintiff believes he/she was inadequately

2

reimbursed. Further, each Plaintiff's response is without prejudice to other evidence which that plaintiff may offer supporting his/her claims for insufficient or inadequate reimbursement. Accordingly, each Plaintiff shall respond to Interrogatory 5.

5. For the reasons set forth in the Court's ruling as to Interrogatory 5, each Plaintiff should likewise respond to Interrogatory 6.

6. Interrogatory 7 is objectionable in its current form because it may reasonably be interpreted as requiring information, i.e. "the earliest date that You believe You were allegedly deceived by GHI", which is not within the personal knowledge of the Plaintiff. The Plaintiffs' statements that they understand Interrogatory 7 "to ask Plaintiff to identify the date Plaintiff believes GHI deceived [him/her], rather than the date that Plaintiff became aware of GHI's deception" correctly identifies the objectionable form of this interrogatory. Therefore, each Plaintiff shall answer Interrogatory 7 by stating the date he/she became aware of any alleged GHI deception and the reasons for that belief.

7. With respect to Interrogatory 8:

    a. Plaintiffs Altman and Davis-Matlock have provided answers stating that neither recalls a specific instance of attempting to obtain Policy Documentation from GHI. Those responses are sufficient.

3

b. Plaintiff Thomas has responded in her First Supplemental Response to Interrogatory 8 that "[a]round the time she made her election, she contacted GHI by phone to request information relating to doctors, coverage, and copays [and s]ometime after her enrollment was effective, GHI sent Plaintiff a copy of the booklet containing the Certificate of Insurance." To the extent Plaintiff Thomas recalls to whom she spoke in any phone call with representatives of GHI, she is ordered to identify those persons and the substance of the phone conversations.

c. Plaintiff Plavin has responded that he "asked for Policy Documentation when he was hired on July 16, 1984" and asserts that he "was told that the Policy Documentation was unavailable." Plaintiff further asserts that he "asked for Policy documentation repeatedly between his hiring and the filing of this lawsuit but was repeatedly told it was unavailable." This response is inadequate. Plaintiff Plavin shall identify the person or persons who told him that the Policy Documentation was "unavailable" and he shall do so for every instance when, by his own assertion, he "repeatedly" asked for the Policy Documentation but was told it was unavailable. Further, to the extent that Plaintiff Plavin has any recollection of the dates and times of this "repeated" requests, he

4

shall identify them with specificity and whether the requests were made in person or through other means such as by telephone, fax, email, or text message.

8. Each Plaintiff shall answer <u>Interrogatory 9</u>, but only to the extent that it seeks the plaintiff's general statement of his/her claims for damages based upon knowledge and information within Plaintiff's possession. Plaintiff shall not be required to answer this interrogatory to the extent that it seeks an "itemized calculation of each component of such damages" or any calculation of actual or statutory damages which requires either conclusions of law or expert opinion.

9. Plaintiffs shall provide their responses to GHI's Interrogatories in accordance with this Order no later than **14 days** from the date of this Order.

Robert D. Mariani
United States District Judge

5