# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STEVE M. COHEN,<br><br>     Plaintiff,<br><br>  v.<br><br>GROUP HEALTH INCORPORATED,<br><br>     Defendant. | Misc. Action No.:  1:22-mc-00200-PAE-KHP<br><br>**Underlying Litigation**:<br><br>*Plavin et al. v. Group Health Inc.,* No. 3:17-cv-1462-RDM (M.D. Pa.) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA TO DEPOSE LITIGATION COUNSEL

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    A.   GHI's Request to Transfer the Motion to Quash Should Be Denied................................. 2

    B.   The Subpoena for Cohen's Testimony Should Be Quashed................................................ 5

    C.   The Subpoena for Cohen's Documents Should Also Be Quashed. .................................... 9

CONCLUSION.................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberi v. Aerojet Rocketdyne, Inc.*,
 2022 WL 1321373 (S.D.N.Y. May 3, 2022) ...............................................................4

*Carlson v. North American Specialty Insurance Co.*,
 2021 WL 1238948 (W.D. Pa. Apr. 2, 2021)...........................................................2, 3

*Doe v. Town of Greenwich*,
 2019 WL 4267692 (D. Conn. Sept. 10, 2019)...........................................................8

*Drummond Company, Inc. v. VICE Media LLC*,
 2022 WL 445681 (S.D.N.Y. Feb. 14, 2022)...............................................................4

*Flynn v. FCA US LLC*,
 216 F.Supp.3d 44 (D.D.C. 2016)...............................................................................3

*Goldberg v. Dufour*,
 2020 WL 373206 (D. Ver. Jan. 23, 2020) ................................................................8

*Green v. Cosby*,
 216 F.Supp.3d 560 (E.D. Pa. 2016) ..........................................................................4

*Honeywell Int'l v. Mazars USA LLP*,
 2022 WL 94881 (S.D.N.Y. Jan. 10, 2022) ...............................................................4

*Hoog v. PetroQuest, LLC*,
 338 F.R.D. 515 (S.D. Fla. 2021)...............................................................................4

*In re I.M. Wilson, Inc.*,
 2022 WL 1239905 (D. Del. Apr. 27, 2022)...........................................................2, 3

*Jennings v. Family Mgmt.*,
 201 F.R.D. 272 (D.D.C. 2001)..................................................................................8

*Johnson v. City of N.Y.*,
 2018 WL 6727329 (E.D.N.Y. Dec. 21, 2018) ..........................................................7

*Murata Mfg. Co. v. Bel Fuse Inc.*,
 2007 WL 1174826 (S.D.N.Y. Apr. 20, 2007)...........................................................7

*NYC Organization of Public Service Retirees, Inc. et al v. Renee Campion et. al.*
 158815/2021 NY Supreme, NY Cty..........................................................................7

ii

*Rekor Sys, Inc. v. Loughlin*,
  No. 19-cv-7767 (LJL), 2002 WL 671908 (S.D.N.Y. Mar. 7, 2022)......................................3, 5

*Teachers Insurance & Annuity Association of America v. Munro*,
  2022 WL 794569 (S.D.N.Y. Jan. 21, 2022) ............................................................................4

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*,
  164 F.R.D. 245 (D. Kan. 1995).................................................................................................8

*ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*,
  2021 WL 630910 (W.D.N.Y. Feb. 18, 2021) ...........................................................................9

*Weber v. McCormick*,
  2008 WL 11489045 (D. Conn. Mar. 3, 2008) .......................................................................8, 9

## Other Authorities

Rule 45(f) .......................................................................................................................................2

**INTRODUCTION**

Plaintiff Steve M. Cohen ("Cohen"), who is co-counsel for the plaintiffs in an underlying putative class action against Defendant Group Health Incorporated ("GHI"), respectfully submits this reply in support of his motion to quash GHI's subpoena for his deposition and documents.

As a preliminary matter, GHI's forum-shopping request for transfer of this motion – from the place of compliance, to the issuing court overseeing the class action – is baseless. Cohen is a New York-based lawyer and was appropriately served with a subpoena requiring his compliance in the Southern District of New York. Cohen appropriately sought relief from this Court, where his compliance was sought. Absent exceptional circumstances, this Court must decide the motion—and there are no exceptional circumstances justifying transfer.[1]

Turning to the substance of the motion, GHI seeks to depose Cohen *without any restrictions on the scope of the examination*. Cohen offered – and GHI rejected – Cohen's compromise offer to testify about his non-privileged communications with the New York Attorney General ("NYAG") about GHI. Cohen was willing to accept that fair compromise in order to avoid burdening this Court with motion practice. GHI has no legitimate basis for seeking to depose its opposing counsel, nor for subpoenaing him for additional documents beyond those already produced to GHI as part of party discovery.

And lastly, GHI inadvertently revealed a "tell" about its motivation for wanting to depose Cohen – which is little more than harassment. GHI has stated it wants to question Mr. Cohen about, "Mr. Cohen's role, if any, in the NYC Organization of Public Service Retirees, and the purpose and actions of the group." Cohen recently and successfully represented the retiree

---

[1] GHI's references to supposed discovery improprieties in the underlying case (for example, GHI's claim that the plaintiffs' privilege log is "deficient," Opp. at 3 n.2) are irrelevant and represent an utterly improper attempt to prejudice this Court's ruling against Cohen.

organization in an action against New York City – which resulted in GHI losing a $600 million

contract with the City. GHI is aware of Cohen's role: GHI was allowed amicus status and its

counsel fully participated in those proceedings. The matter has no relevance to the underlying

class action, which is a completely separate lawsuit against GHI.

## ARGUMENT

### A.    GHI's Request to Transfer the Motion to Quash Should Be Denied

Rule 45(f) permits transfer of a motion to quash to the issuing court only "if the person

subject to the subpoena consents"—and he does not—or "the court finds *exceptional*

*circumstances*." The party wishing transfer away from the compliance court has the burden of

showing that exceptional circumstances exist justifying transfer. *See, e.g.*, *In re I.M. Wilson, Inc.*,

2022 WL 1239905, at *2 (D. Del. Apr. 27, 2022) (denying transfer); *Carlson v. North American*

*Specialty Insurance Co.*, 2021 WL 1238948, at *5 (W.D. Pa. Apr. 2, 2021) (same). The

applicable standard governing "exceptional circumstances" is set forth in the 2013 Committee

Notes on Rules: "The prime concern should be avoiding burdens on local nonparties subject to

subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve

subpoena-related motions. In some circumstances, however, transfer may be warranted in order

to avoid disrupting the issuing court's management of the underlying litigation, as when that

court has already ruled on issues presented by the motion or the same issues are likely to arise in

discovery in many districts. Transfer is appropriate only if such interests outweigh the interests

of the nonparty served with the subpoena in obtaining local resolution of the motion."

There are no exceptional circumstances present here justifying transfer of the motion.

There is no reason to believe that this Court's resolution of a straightforward motion to quash a

deposition seeking an improper deposition of opposing counsel will disrupt the issuing court's management of the putative class action. GHI has not previously sought to depose any opposing lawyers, and the issue presented here is unlikely to be presented again in the issuing court or elsewhere, since discovery in the underlying putative class action is about to conclude.

This motion to quash is not centrally a dispute over the relevance of Cohen's testimony, although the relevance of that testimony is minimal at best. Hence GHI's reliance on *Flynn v. FCA US LLC*, 216 F.Supp.3d 44, 47 (D.D.C. 2016), is misplaced.[2] This motion is centrally about whether it is appropriate for GHI to seek irrelevant or minimally relevant information via a deposition of opposing counsel, when the same or similar information could be obtained by other means. Deposing opposing litigation attorneys is far from the norm in federal court practice, and indeed, courts within this Circuit recognize a presumption against such depositions. *See Rekor Sys,, Inc. v. Loughlin*, No. 19-cv-7767 (LJL), 2002 WL 671908, at *2 (S.D.N.Y. Mar. 7, 2022).

When the issues presented by a motion to quash are straightforward, as they are here, there is no basis for a transfer. *Wilson*, 2022 WL 1239905, at *2. This Court, and the subpoena-issuing court, are equally capable of resolving this simple dispute. *Id.* Moreover, this district has a particular interest in ensuring that Southern District of New York attorneys such as Cohen are not inappropriately subjected to depositions when they appear in federal litigation elsewhere.

---

[2] *Flynn*, which is not binding, is not a persuasive authority. The *Flynn* court's reasoning—in effect, that transfer is appropriate when the issuing court is better positioned to address relevance questions raised in a motion to quash—is utterly inconsistent with the "exceptional circumstances" standard and with the advisory committee's statement that "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Other courts have persuasively rejected the same arguments adopted by the *Flynn* court. *See, e.g., Carlson*, 2021 WL 1238948, at *5 ("Moreover, even though the New York court will have greater familiarity with the coverage dispute, North American failed to demonstrate to this Court that the New York court has already ruled on discovery issues similar to the issues raised by Carlson's motion to quash.").

*Drummond Company, Inc. v. VICE Media LLC*, 2022 WL 445681, at \*1 (S.D.N.Y. Feb. 14, 2022), GHI's lead case, is easily distinguished. The case did not involve a straightforward motion to quash a subpoena issued to opposing litigation counsel for the transparent purpose of harassment. Instead, the case presented a complex subpoena to compel a media organization's compliance, over reporters' privilege objections, with a subpoena for recordings of witnesses in the underlying dispute. *Id.* The Court found "exceptional circumstances" were present because "[t]he current matter involves complex issues that have been before Judge Proctor [of the Northern District of Alabama] through various lawsuits *for over a decade*."

*Green v. Cosby*, 216 F.Supp.3d 560, 560 (E.D. Pa. 2016), is also easily distinguishable. There, in order to decide whether to quash a subpoena from the defendant comedian Bill Cosby related to a sexual misconduct lawsuit against him, the subpoena-issuing court would have had to issue a ruling interpreting the scope of a prior decision by the court overseeing the underlying litigation. *Id.* at 565. Hence, the subpoena-issuing court found "exceptional circumstances" favoring transfer. *Id.*

GHI's other cases are no more helpful to its position. In *Alberi v. Aerojet Rocketdyne, Inc.*, 2022 WL 1321373, at \*2-3 (S.D.N.Y. May 3, 2022), and *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 518 (S.D. Fla. 2021), two other cases cited by GHI, the court overseeing the underlying litigation was already simultaneously adjudicating overlapping discovery issues; and thus there was a risk of inconsistent rulings by the subpoena-issuing court. No similar risk of inconsistent rulings is presented by the current motion to quash. *See also Honeywell Int'l v. Mazars USA LLP*, 2022 WL 94881, at \*1 (S.D.N.Y. Jan. 10, 2022) (citing by GHI, finding exceptional circumstances warranting transfer principally because of the risk of inconsistent discovery rulings). Similarly, in *Teachers Insurance & Annuity Association of America v.*

4

*Munro*, 2022 WL 794569, at *2 (S.D.N.Y. Jan. 21, 2022), the court overseeing the underlying litigation had already issued rulings on the identical discovery issues presented in a motion for protective order filed in a different court. There has been no litigation before the court overseeing the underlying case regarding the appropriateness of deposing the plaintiffs' litigation counsel.

**B.      The Subpoena for Cohen's Testimony Should Be Quashed.**

It is GHI's burden to overcome the presumption against deposing an adversary's litigation counsel. *See Rekor Sys,, Inc. v. Loughlin*, No. 19-cv-7767 (LJL), 2002 WL 671908, at *2 (S.D.N.Y. Mar. 7, 2022). Crucially, GHI does not contest this. Here, GHI has failed to carry its burden of overcoming the presumption, as examination of the four *Friedman* factors shows.

*First*, there is no real need for GHI to obtain Cohen's testimony. GHI's conclusory, *ipso facto* claim that Cohen possesses "highly relevant" non-privileged information needed during discovery in the underlying litigation is wrongheaded. Opp. at 1.   As discussed in his initial moving papers, Cohen is an attorney who spent 35 years as a publisher, journalist, and best-selling author before going to law school at age 58.   As a law student, and "wearing his journalist's hat" he went to the New York Attorney General (NYAG) with information about alleged misconduct by GHI. That was long before the class action was filed. Cohen also subsequently participated as a plaintiff in a *qui tam* lawsuit, which was eventually settled and dismissed. Cohen's knowledge about GHI consists *entirely* of second-hand knowledge of, and/or personal beliefs about, GHI's misconduct.

*Second*, Cohen's role in the underlying litigation is solely an attorney role; and Cohen's pre-litigation interactions regarding GHI are tangentially relevant at most. GHI's lengthy disparagement of the extent of Cohen's participation in the underlying litigation is irrelevant, as well as unprofessional and unbecoming of GHI's counsel. Setting GHI's denigrating comments

aside, it is clear that Cohen is not a "key fact witness," as GHI asserts without any substantive explanation. He is not a fact witness at all, and he will not be serving an expert witness, either.

GHI's opposition makes much of the plaintiffs' supposed "heav[y]" "rel[iance]" on the NYAG investigation, in which Cohen played a role. Opp. at 4. It is true, albeit to a limited degree, that the complaint against GHI in the class action references the conclusions of the Attorney General's investigations—which support plaintiffs' claims, and undermine GHI's defenses. But the fact that the class action plaintiffs rely on uncontested facts about how that investigation *concluded*, does not mean there is any need for discovery of any kind into Cohen's role during the *origins* of that investigation. There is no conceivable reason why testimony about Cohen's interactions with the NYAG could ever lead to discovery of information that GHI could actually use – whether to defend itself at summary judgment, during trial, or at any other stage of the underlying putative class action. GHI might just as logically subpoenaed the Assistant Attorneys General Cohen spoke with – if this were not merely an attempt to harass Cohen.

GHI identifies a handful of specific questions that it plans to ask Cohen in a deposition, assuming one is permitted. All of these questions relate to Cohen's supposed efforts to recruit plaintiffs to file the class action. First, GHI previews that it will ask Cohen questions regarding whether any non-parties "told Mr. Cohen that they were not deceived by the documents that Plaintiffs in the Underlying Action claim to be misleading," as well as "if any non-parties told Mr. Cohen that they believed they received fair reimbursement as GHI Plan members." But significantly, as GHI concedes in its opposition, Cohen has already verified interrogatory answers identifying the non-parties with whom he communicated. And the putative class plaintiffs have also already produced Cohen's non-privileged written communications with these non-parties. GHI's opposition describes those communications in great detail. Opp. at 7. If GHI

6

were truly interested in these communications, it could subpoena those non-parties – rather than seeking a wide-ranging deposition of GHI's opposing counsel.

The real motivation for GHI's attempt to depose Cohen is (inadvertently) revealed by one of the questions GHI has said it wants to ask Cohen. GHI has stated it wants to question Mr. Cohen about "Mr. Cohen's role, if any, in the NYC Organization of Public Service Retirees, and the purpose and actions of the group." GHI knows perfectly well what Mr. Cohen's role has been: Cohen is co-counsel in another case[3] which resulted in GHI losing a contract worth approximately $600 million a year. Cohen represents an ad hoc coalition of senior citizens and disabled first-responders – known as the NYC Organization of Public Service Retirees – against New York City in the latter's attempt to force municipal retirees into a Medicare Advantage plan. That insurance plan was supposed to be offered by an "Alliance" of GHI and Anthem/Empire Blue Cross Blue Shield. But not only did the retirees prevail at the trial court level, the Alliance recently collapsed when Anthem withdrew – leaving GHI high-and-dry[4]. GHI is aware of Cohen's involvement because it was allowed amicus status in that case, and GHI's counsel vigorously participated in all proceedings. Sadly, GHI's attempt to depose Cohen is little more than vindictive, petty harassment.

None of the cases GHI cites allowed a deposition of opposing counsel in similar circumstances. In *Johnson v. City of N.Y.*, 2018 WL 6727329, at *3 (E.D.N.Y. Dec. 21, 2018), a party sought to depose an attorney regarding his (highly relevant) knowledge about the identity of a key witness who had served as an anonymous source for a news article. *Murata Mfg. Co. v.*

---

[3] *NYC Organization of Public Service Retirees, Inc. et al v. Renee Campion et. al*. 158815/2021 NY Supreme, NY Cty.
4 https://www1.nyc.gov/site/olr/health/retiree/health-retiree-responsibilities-assistance.page Last accessed August 31, 2022

*Bel Fuse Inc.*, 2007 WL 1174826, at *2 (S.D.N.Y. Apr. 20, 2007), involved a routine request to depose an attorney who had previously served at a patent plaintiff's prosecution and licensing counsel. In *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 279 (D.D.C. 2001), a defendant sought to depose a fraud plaintiff's attorney who also served in a dual role as the plaintiff's guardian, and because of the guardian role, had highly relevant knowledge regarding the plaintiff's state of mind. Finally, in *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan. 1995), all parties agreed that opposing counsel had relevant discoverable knowledge and the only issue decided by the Court was "the scope of the deposition inquiry."

*Third*, GHI is wrong to claim that a deposition of Cohen will not risk disclosure of privileged information. A deposition of the opposing party's *current litigation counsel* inherently risks inadvertent disclosure of privileged information. In *Doe v. Town of Greenwich*, 2019 WL 4267692, at *2 (D. Conn. Sept. 10, 2019), cited by GHI, the court acknowledged this inherent risk, but still permitted a deposition of the plaintiff's counsel because the lawyer was also a fact witness to certain relevant communications. Here, Cohen is not a witness to any relevant facts. GHI repeatedly cites and relies upon *Goldberg v. Dufour*, 2020 WL 373206, at *6 (D. Ver. Jan. 23, 2020), but in that case, the attorneys who a plaintiff sought to depose were former transactional lawyers, "not counsel in t[he] litigation." The same is true of several other inapposite cases cited in GHI's opposition brief.

*Fourth*, discovery in the underlying case is nearly complete, and GHI's decision to wait until the end of the case to seek counsel's deposition is inexplicable. GHI misleadingly cites *Weber v. McCormick*, 2008 WL 11489045, at *4 (D. Conn. Mar. 3, 2008), in support of its argument that the late stage of discovery somehow, inexplicably, counsels in favor allowing a deposition of litigation counsel. The *Weber* court stated: "The fourth *Friedman* factor, the extent

8

to which discovery has already been conducted, also *does not weigh in favor of either party.*" *Id.* (emphasis added). In *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, 2021 WL 630910, at *1 (W.D.N.Y. Feb. 18, 2021), there was a specific reason why a party sought to depose counsel late in discovery. The deposition was of an in-house lawyer, and the deposition topics were limited to matters related to the in-house lawyer's participation in crafting prior discovery responses. *Id.*

### C.      The Subpoena for Cohen's Documents Should Also Be Quashed.

Finally, the document portion of the subpoena should also be quashed. Cohen's motion explained precisely why GHI's document requests set forth in the subpoena are improper. Mot. at 12. GHI's opposition does not address the justification for the document requests *at all*.

### CONCLUSION

The motion to quash respectfully should be decided by this Court, rather than transferred; and the motion respectfully should be granted, and the entire subpoena quashed.

Dated:  August 31, 2022

Respectfully submitted,

*/s/ Steve M. Cohen*
Steve M. Cohen
Pollock Cohen LLP
111 Broadway
Suite 1804
New York, NY 10006
Tel.: (212) 337-5261
scohen@pollackcohen.com