**Petrozziello, Matthew J.**

| | |
|---|---|
| **From:** | Ferrone, Justin C. |
| **Sent:** | Friday, September 23, 2022 4:42 PM |
| **To:** | Steve Cohen |
| **Cc:** | Nick Carullo; 'Mark Hatch-Miller'; Steven M. Shepard; Kagan, Jared I. |
| **Subject:** | GHI Subpoena - Motion to Quash |

Dear Steve,

Following up on yesterday's call with the court, we write to propose a compromise to resolve your Motion to Quash that narrows the topics on which GHI will seek a deposition.

First, GHI requests that you produce the documents requested in the subpoena and that you provided to the N.Y. AG's office, including the PowerPoint document you referenced for the first time on the call with the Court.

Second, GHI proposes the following narrowed list of topics for a deposition:

1. Your Communications with the N.Y. AG's office, DFS or any other regulator, if any, concerning GHI, and any evidence or information provided by you to the same.

2. Evidence or communications about which you are aware that support or undermine the allegations in the First Amended Complaint, that you obtained either (a) before becoming a lawyer; or (b) in connection with the Qui Tam suit.

3. Purely factual information provided to you by third-parties concerning GHI Insureds' understanding of the allegedly deceptive materials or harms (or lack thereof) that may have been suffered by Insureds in the alleged class.

4. The contents of non-privileged documents produced in this litigation from, to, or referencing you, including but not limited to communications with Alan Berkowitz and Michele Diesman Mason, with whom you discussed this lawsuit.

5. Any evidence supporting or contradicting the purported fraud referenced in PLAVIN_000005431, in which you told a non-client Third Party that *you* possessed "evidence showing the under-reimbursement to members ranged from 35-50%, depending upon the type of procedure" and that "the underlying facts for [GHI's AOD] reflected a tiny portion of the evidence" in your possession.

6. Purely factual information that was discussed during non-privileged group meetings with GHI Insureds, including but not limited to the Zoom conference with Texas retirees mentioned in documents produced in this case and testified to by Ms. Thomas, concerning (a) Insureds' understanding of the allegedly deceptive language in the SPD and SBC, (b) whether Insureds received certificates of insurance; (c) what out-of-network reimbursement rate – if any – Insureds expected to receive from GHI; (d) what grievances, if any, those Insureds had with GHI and what relief they sought; (e) what, if anything, you told GHI Insureds they would receive if they joined the case; and (f) what instructions you provided to non-client Insureds following the meeting concerning actions they should take against GHI, if any.

7. Purely factual information concerning or related to the allegations in the First Amended Complaint provided by the individuals identified by Plaintiffs in response to Interrogatory Nos. 10 and 11, which you verified.

The narrowed topics listed above seek only information relating to the allegations in the complaint and related purely factual information you obtained. They exclude numerous topics to which you have objected, including (i) questions about your personal opinions or beliefs concerning GHI (original Topic No. 3), (ii) your

relationship with NYC police Unions (original Topic No. 9), (iii) the "manner in which" you purportedly uncovered the fraud" the alleged in the underlying litigation (original Topic No. 4), (iv) your relationships with non-parties, including those identified in Interrogatory Nos. 10 and 11 (original Topic No. 10), and (v) your role as Plaintiff relator in the *qui tam* suit (original Topic No. 5).

Importantly, none of the narrowed topics could impinge upon information arguably protected by the attorney client privilege or work product doctrine, though we understand you would reserve your right to object on that basis to particular questions and GHI would reserve its right to challenge that refusal if appropriate.

As you know, Judge Parker has asked that the parties meet and confer on this compromise proposal within 24 hours. If the parties are unable to agree to a compromise we intend to ask Judge Parker for one more conference to see if a compromise along these lines can be reached. We look forward to your response and are available to meet and confer at a mutually-agreeable time.


Regards,

Justin Ferrone

**Debevoise**
**&Plimpton**

**Justin C. Ferrone**
Associate

jcferrone@debevoise.com
+1 212 909 6125 (Tel)

www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.