UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE M. COHEN,

                Plaintiff,

-against-

GROUP HEALTH INC.,

                Defendant.

**OPINION AND ORDER
ON MOTION TO QUASH**

22-MC-0200 (PAE)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      Petitioner Steve M. Cohen ("Cohen") moved to quash a subpoena served on him by Respondent Group Health Inc. ("GHI") in connection with a putative class action currently pending in the Middle District of Pennsylvania ("Underlying Action").[1] Cohen is counsel of record for the plaintiffs in the Underlying Action. GHI, a health insurance company, is the defendant in the Underlying Action. For the reasons stated below, the Motion to Quash is granted in part and denied in part.

## BACKGROUND

      In or about 2013, Cohen, then an investigative journalist and law student, learned information about GHI that led him to believe GHI was involved in deceptive practices concerning reimbursement provided for out-of-network claims. (ECF No. 13-1 at 2, 6.) Cohen conducted a factual investigation into GHI, compiled his findings into a PowerPoint presentation, and shared his findings with the New York Attorney General ("NYAG"). (ECF No. 23 at 23:12-18; 24:3-5.) NYAG conducted its own investigation into GHI, which resulted in an

---

[1] The Underlying Action is *Plavin v. Group Health Inc.,* No. 3:17-cv-01462-RDM (M.D. Pa.).

1

Assurance of Discontinuance ("AOD") in 2014.  (ECF No. 13-1 at 2.)  That same year, Cohen filed a qui tam lawsuit ("Qui Tam Action") against GHI in his personal capacity as a Plaintiff-Relator in which he claimed to have personal knowledge about the alleged schemes GHI used to mislead its members.  (*Id.*)[2]  The Qui Tam Action settled in or about 2018.  (ECF No. 23 at 14:14.)

In 2017, a putative class of plaintiffs commenced the Underlying Action on behalf of individuals who were enrolled in a GHI health insurance plan between 2011 and 2015 and who claim to have been harmed by GHI's acts and practices relating to coverage for out-of-network providers.  (ECF No. 4 at 2.)  The complaint relies heavily on NYAG's investigation and the resulting AOD.  Cohen, now a licensed attorney and counsel of record for plaintiffs in that action, recruited plaintiffs for the Underlying Action, including through Zoom meetings.  (ECF No. 13-1 at 7.)  Cohen also personally verified certain interrogatories in the Underlying Action, including interrogatories identifying individuals with whom plaintiffs' counsel discussed the Underlying Action.  (*Id.* at 3.)

The Underlying Action is before the Honorable Robert D. Mariani in the Middle District of Pennsylvania.  Judge Mariani has overseen discovery to date and has issued numerous discovery rulings, including an order finding that GHI is entitled to discover "purely factual information" that is not protected by any privilege.  (*Id.* at 3 (*citing Memorandum and Order, Steven Plavin, et al., v. Group Health Incorporated*, No. 17-CV-01462-RDM (M.D. Pa. Jun. 3, 2022) (hereinafter, "Mariani Order")).  Discovery in the Underlying Action is currently set to be completed on Friday, September 30, 2022.  GHI argues that discovery in the Underlying Action

---

[2] The Qui Tam Action is captioned *The City of New York, ex rel. Steve Cohen et al. v. Group Health Incorporated, et al.*, No. 101160/2014 (N.Y. Sup. Ct. N.Y. Cty.)

has revealed a need to depose Cohen and seek documents from him regarding relevant and non-privileged information in his possession.  On June 24, 2022, GHI informed Cohen and plaintiffs' other counsel that it would seek discovery from Cohen, and it identified the following topics for a deposition of Cohen:

1. Mr. Cohen's Communications with the NYAG's office, DFS or any other regulator, if any, concerning GHI, and any evidence or information provided by Mr. Cohen to the same.

2. Non-privileged documents produced in this litigation from, to or referencing Mr. Cohen.

3. Mr. Cohen's personal opinions or beliefs concerning GHI, if any.

4. The manner in which Mr. Cohen purportedly "uncovered the fraud" alleged in this litigation "while wearing [his] investigative journalist's hat" and what, precisely, Mr. Cohen learned or uncovered during that process.

5. Any evidence supporting or contradicting the purported fraud referenced in PLAVIN_000005431.

6. Mr. Cohen's relationship, if any, with Alan Berkowitz and Michele Diesman Mason, who was involved in setting up a zoom recruitment meeting.

7. Virtual or in-person meetings with potential plaintiffs for this litigation, including but not limited to the zoom conference with Texas retirees mentioned in documents produced in the Underlying Action and testified to by Plaintiffs.

8. Mr. Cohen's role as a Plaintiff-Relator in the case captioned *The City of New York, ex rel. Steve Cohen et al. v. Group Health Incorporated, et al.*, Index No. 101160/2014 (N.Y. Sup. Ct. N.Y. Cty.), including the factual basis and evidence supporting the allegations raised in that litigation and any facts or evidence contradicting those allegations, and the reasons for withdrawing that suit.

9. Mr. Cohen's relationship, if any, with NYC police unions.

10. Mr. Cohen's awareness and/or relationship with the individuals identified by Plaintiffs in response to Interrogatory Nos. 10 and 11.

11. Purely factual information learned by or provided to Mr. Cohen by third parties concerning GHI's out-of-network reimbursement policies, or the GHI Plan, including any evidence he received supporting or contradicting Plaintiffs' claims.

12. Non-privileged communications between Mr. Cohen and potential class members or named plaintiffs.

13. Mr. Cohen's role, if any, in the NYC Organization of Public Service Retirees, and the purpose and actions of the group.

14. Follow-up questions to any testimony that Mr. Cohen provides.

(*Id.* at 8-9.)

Plaintiffs' counsel rejected the proposed topics but stated it would agree to allow GHI to depose Cohen about his communications with the NYAG or any other regulator concerning GHI, and any evidence or information exchanged between Cohen and the NYAG or other regulators concerning GHI. (*Id.* at 9; *see also* ECF No. 26.) On July 18, 2022, GHI served a subpoena upon Cohen seeking his deposition along with a document request for "[a]ll Documents and Communications between or among [Cohen], on the one hand, and the New York Attorney General's Office, on the other, Concerning (i) GHI, (ii) the GHI Plan, or (iii) the claims and allegations in this Lawsuit." (*Id*. at 9.) Cohen filed the instant Motion to Quash on July 27, 2022. (ECF No. 1.) GHI opposes the Motion to Quash and requests the Court deny the motion or transfer the motion to Judge Mariani. The parties appeared for an oral argument before the Undersigned on September 22, 2022.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony. *See* Fed. R. Civ. P. 45(a). The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

4

subpoena." Fed. R. Civ. P. 45(d)(1).  The court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).  The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome. *See* Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 45(d)(3)(A)(iv); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012).  When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed*.  Blake Marine Grp.. LLC v. Frenkel & Co.*, 2019 WL 1723567, at *1 (S.D.N.Y. Apr. 18, 2019).

Courts recognize a special concern about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003).  In *Freidman*, the Second Circuit adopted a "flexible approach to lawyer depositions," whereby the court must take into consideration "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id.* at 72.  Such considerations include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.*

Federal Rule of Civil Procedure 45(f) provides:  "when the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing

5

court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see Am. Plan Administrators v. S. Broward Hosp. Dist*., 39 F.4th 59, 60 (2d Cir. 2022). The 2013 advisory committee notes provide that "[t]he prime concern" in considering whether transfer is appropriate is "avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. The committee notes further provide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts," but that "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

**APPLICATION**

1. <u>No Exceptional Circumstances Warrant Transfer</u>

Cohen is based in New York and was served with a subpoena requiring his compliance in the Southern District of New York. He appropriately sought relief from the court in the district where his compliance was sought. Cohen does not consent to transfer of the motion, and no circumstances present here justify transfer of the motion.

While Judge Mariani has familiarity with this case, that alone "is insufficient to constitute exceptional circumstances under Rule 45(f)." *Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (citation omitted). GHI has not shown that the issues involved in this motion are particularly complex, that a thorough knowledge of the facts in the Underlying Action is necessary for resolving the motion, that the motion raises any issues that

go directly to the underlying causes of action that cannot be resolved by this Court, or that any other exceptional circumstances are present here. To the extent Judge Mariani already addressed any issues presented by the motion, this Court is capable of reviewing those orders and incorporating them into its decision. Moreover, this Court's resolution of this relatively straightforward motion will in fact assist Judge Mariani in his management of the Underlying Action by taking one of apparently many discovery disputes in this matter off his plate.

Accordingly, GHI has not met its burden in showing that any exceptional circumstances outweigh Cohen's interests here in a local resolution of this motion, and GHI's request to transfer the motion is denied.

2. The Motion to Quash is Denied in Part and Granted in Part

As an initial matter, Cohen clearly is a person who should possess information relevant to the claims in this matter. As a law student and investigative journalist, he investigated the alleged wrongdoings at issue in the Underlying Action; he shared relevant information with the NYAG; and he was involved in a qui tam action against GHI that involved at least some issues that overlap with those central to the Underlying Action. Cohen also played a role in finding plaintiffs for and developing the Underlying Action. Cohen's status as counsel in the Underlying Action does not shield him from questioning. *See, e.g. City of Almaty, Kazakhstan v. Sater*, 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) (denying attorney's motion to quash subpoena where attorney clearly had relevant information). Rather, applying the "flexible approach" articulated in *Friedman*, it is apparent that discovery, if appropriately circumscribed as outlined below, will not entail an "inappropriate burden or hardship" for Cohen or the plaintiffs in the Underlying Action. 350 F.3d at 72. Similarly, GHI can obtain discovery from Cohen that does

not implicate the attorney-client privilege or work product doctrine provided GHI's questioning is tailored to seeking purely factual information as outlined below. Accordingly, the Court will partially deny the Motion to Quash but require the questioning to be limited as described below.

First, information in Cohen's possession relating to the NYAG investigation and Qui Tam Action certainly may support or undermine the plaintiffs' claims, and accordingly are relevant. Such information is also not likely to be protected by any privilege because it pre-dated Cohen's retention as counsel in the Underlying Action, and involves factual information rather than communications or information about litigation strategy. Accordingly, the Motion to Quash is denied to the extent GHI seeks to depose Cohen about, and collect documents gathered for or exchanged during, the NYAG investigation and Qui Tam Action. This may include questioning as to Cohen's communications with the NYAG or any regulator concerning GHI, and any evidence or information provided by Cohen to the same or vice-versa; as well as questioning into the manner in which Cohen uncovered the information. That is, questioning into Topics 1 and 4, as listed on page 3 of this opinion, *supra*, are permitted. Such discovery will not be unduly burdensome as Cohen has stated he does not possess substantial documents or information in this regard. (ECF No. 23, 35:10-15). However, such questioning should not veer into Cohen's role as a Plaintiff-Relator in the Qui Tam action (i.e. Topic 8), as his role in that action is not relevant to any claims or defenses in the Underlying Action.

Second, to the extent Cohen learned purely factual information from conversations with non-party participants in the GHI plan about their GHI coverage and any statements about it that they found to be confusing or misleading, such factual information may be relevant and is

not privileged. Although Cohen claims he does not remember much from his communications with non-parties, (*id.* at 39:15-25), his memory could plausibly be refreshed during a deposition. *See, e.g. City of Almaty*, 2020 WL 2765084, at *3 ("[A]lleged lack of memory is an insufficient basis on which to quash the deposition subpoena.") Accordingly, the Motion to Quash is denied to the extent it seeks relevant, factual information learned from non-parties, such as information regarding communications made by GHI as to coverage for out-of-network services or whether they expressed being content and not misled by GHI with respect to out-of-network services. GHI may inquire into the facts of alleged deception reported by class members and the names of such class members, as well as the dates, times, and attendees of any virtual or in-person meetings with potential plaintiffs.

However, in order to avoid probing privileged communications and work product, GHI may not ask questions that seek opinion or analysis from Cohen. For example, while GHI may ask Cohen whether any participants told him they did not feel deceived by GHI, GHI may not inquire whether Cohen learned information that contradicts or undermines allegations of fraud. The latter line of questioning would require Cohen to apply legal analysis to the information he learned, and would implicate work product. Similarly, consistent with Judge Mariani's June 3, 2022 Order, GHI may not ask for specific communications that occurred with potential or existing plaintiffs, or precise questions asked of them or legal advice or strategy conveyed, as inquiry into such communications implicates the attorney-client privilege or work product doctrine. *See,* Mariani Order, No. 17-CV-01462-RDM (M.D. Pa. Jun. 3, 2022) ("GHI is not entitled to the communications engaged in by Plaintiffs' counsel with any individuals who contacted Plaintiffs' counsel for legal advice regarding potential representation in the lawsuit[,]

9

but purely factual information obtained from such communications is discoverable."). Thus, questioning into Topics 7, 11, and 12 is permitted, provided such questioning is appropriately circumscribed as provided in this paragraph and below.

Finally, to the extent GHI seeks identification of any non-party witnesses identified in interrogatories that Cohen verified, such information is relevant and GHI is entitled to inquire into these responses. GHI may also ask questions in an attempt to further identify relevant non-party witnesses, such as questions about a non-party witness's address, phone number, occupation, or precise reimbursement issue as conveyed to Cohen. *See id.* at 20 ("[T]he attorney-client privilege does not protect against disclosing clients' identities.") However, GHI may not probe Cohen's relationship with such persons or communications about whether to join the lawsuit, as these questions are either not relevant or would invade attorney-client confidences and work product. *See, id.* ("GHI is not entitled to the communications engaged in by Plaintiffs' counsel with any individuals who contacted Plaintiffs' counsel for legal advice regarding potential representation in the lawsuit."); *see also In re Lifetrade Litig.*, 2022 WL 3644357, at *4 (S.D.N.Y. Aug. 24, 2022) ("The fact that an attorney was not ultimately engaged does not remove the protection from the communication so long as the client/potential client reasonably understood the communication to be confidential.") GHI may accordingly inquire into Topic 10, provided questioning is limited to factual details about the non-party witnesses. GHI may not otherwise ask about Cohen's solicitation of witnesses, as this is not relevant.

Moreover, GHI seeks a substantial amount of information that, on balance, is irrelevant, unduly burdensome, or implicates the attorney-client privilege or work product doctrine. Such questioning will not be permitted. In particular, the Motion to Quash is granted to the extent

GHI seeks to question Cohen regarding the following topics (except as circumscribed above and below):

- Topic 2, because it would be inconsistent with the principles of *Friedman* to ask Cohen about documents already produced in the Underlying Litigation for which other non-attorney fact witnesses have personal knowledge, but GHI may ask Cohen about documents obtained by Cohen in his personal capacity and produced.

- Topic 3, because Cohen's personal beliefs are not relevant, and the beliefs and opinions of plaintiffs' counsel generally constitutes protected work product.

- Topic 5, because Cohen's opinion on whether any factual information contradicts or supports claims or defenses in the action is protected work product.

- Topics 6, 8, 9, 10, and 13, but only to the extent these topics seek information about Cohen's relationships and his various roles, because such topics are not relevant to any claims or defenses in the Underlying Action, and such questioning would not be proportional to the needs of the case.

- Topic 11 but only to the extent the topic seeks information not specifically permitted in the above analysis. As discovery in the Underlying Action is nearly over, plaintiffs have presumably already provided all facts supporting their fraud claim, and accordingly it would be redundant to ask Cohen about this information to the extent other witnesses have already provided information. Moreover, the request for information "contradicting" claims probes into work product, as described above.

- Topic 14, to the extent this vague topic could be construed to permit questioning beyond what is outlined above as permissible. All questioning must be appropriately circumscribed as set forth above.

## CONCLUSION

For the reasons set forth above, the Motion to Quash is GRANTED in part and DENIED in part, as outlined in detail above. GHI's request for documents is permitted, and a deposition of Cohen is permitted to the extent questioning is circumscribed according to this opinion. This resolves the motion at ECF No. 1.

The parties shall submit a joint letter to the Court within thirty days after the relevant discovery is taken, at which point the miscellaneous action will be closed. If the relevant discovery is not taken by January 6, 2023 – the date on which plaintiffs' motion for class certification is currently due – the parties shall file a joint letter of no more than three pages stating their position(s) on whether the miscellaneous action can be closed.

**SO ORDERED.**

Dated: September 28, 2022
New York, New York

*Katharine H Parker*

KATHARINE H. PARKER
United States Magistrate Judge